## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

NEISA ORTEGA; and N.Z. *by her next friend, Neisa Ortega,*

        Plaintiffs,

v.

UNITED STATES CUSTOMS AND BORDER PROTECTION; CBP OFFICERS DOE 1-13; SUPERVISORY CBP OFFICERS DOE 1-3; CBP COMMISSIONER TROY A. MILLER[1], *in his official capacity;* UNITED STATES DEPARTMENT OF HOMELAND SECURITY; DHS SECRETARY ALEJANDRO MAYORKAS, *in his official capacity;* and the UNITED STATES OF AMERICA,

        Defendants.

Civil Action No. 21-11250-FDS

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
### PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### INTRODUCTION

Plaintiffs allege that on various dates in 2019 and 2020,[2] when they were returning to Boston's Logan International Airport (Logan Airport) after traveling out of the country, they were referred to a secondary security inspection, where United States Customs and Border Protection (CBP) officers allegedly acted improperly during a pat-down or partial body search,

---

[1] Troy A. Miller is Acting Commissioner for U.S. Customs and Border Protection.

[2] April 27, 2019, September 8, 2019, March 16, 2020, and August 20, 2020. Compl. at pp. 10, 16-18, 24, 26.

as well as during a search of their luggage and electronic devices.  As a result, on August 2, 2021, Plaintiffs filed a 22-count Complaint against Defendants, alleging violation of their constitutional rights under the Fourth and Fifth Amendments of the United States Constitution. *See* Complaint (Compl.), ECF No. 1, Counts 1-9.  Plaintiffs also bring claims against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b).  *Id.* at Counts 10-22.

In Counts 1, 2, 6 and 7, Plaintiffs bring a cause of action for alleged constitutional violations against the Department of Homeland Security (DHS), CBP, and the individual defendants in their official capacities.  In Counts 17 and 22, Plaintiffs claim violation of the Massachusetts Civil Rights Act (MCRA), Mass. Gen. Laws ch. 12, §§ 11H, 11I, which they bring pursuant to the FTCA, 28 U.S.C. § 2671, *et seq*.  For the reasons that follow, Plaintiffs' claims must be dismissed.  *First*, Plaintiffs' constitutional claims are barred by the federal government's sovereign immunity which prohibits suits against the United States, its agencies, or federal officers sued in their official capacities.  *Second*, Plaintiffs' allegations against the United States alleging violation of the MCRA must be dismissed because the United States has not waived its sovereign immunity for these claims and therefore the United States cannot be subject to suit.

## ARGUMENT

### I.     Plaintiff's Claims Against DHS, CBP, Troy A. Miller and Alejandro Mayorkas Must Be Dismissed Because Constitutional Claims Against Its Agencies And Employees In Their Official Capacities Are Barred

Plaintiffs allege that DHS, CBP and defendants Acting CBP Commissioner Troy A. Miller and DHS Secretary Alejandro Mayorkas, in their official capacities, violated Plaintiffs' Fourth and Fifth Amendment rights to be free from prolonged detention, and unreasonable

search and seizure.  (Compl. ¶¶ 225-230, 240-243).  These claims are also brought as *Bivens*[3] claims against unnamed CBP officers in their individual capacities.  (Compl. ¶¶ 231-239).

The doctrine of sovereign immunity bars Plaintiffs' claims against the United States. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Horn*, 29 F.3d 754, 761 (1st Cir. 1991).  "Indeed, in the absence of specific statutory authorization…the only way in which a suit for damages arising out of constitutional violations attributable to federal action may be brought is under the doctrine of *Bivens*…"  *Tapia-Tapia v. Porter*, 322 F.3d 742, 746 (1st Cir. 2003) (citing *Bivens*, 403 U.S. 388).  A *Bivens* action, however, cannot be brought against a federal agency.  *Id*. (citing *Meyer*, 510 U.S. at 484-486).  Thus, Plaintiffs' claims against federal agencies DHS and CBP must be dismissed for lack of subject matter jurisdiction.  *Twum-Baah v. U.S. Dept. of Agriculture,* 299 F.Supp.3d 369, 376 (D. P.R. 2018) (citing *Meyer*, 510 U.S. at 484-486).

Next, although *Bivens* allows for constitutional claims to be brought against federal officials in their *individual* capacities, "*Bivens* does not override the federal government's sovereign immunity which prohibits suits against the United States, its agencies, or federal officers sued in their *official* capacities."  *McMann v. United States*, No. 12-11952-PBS, 2013 WL 1327729, at *1 (D. Mass. Mar. 26, 2013) (citing *Chiang v. Skeirik*, 582 F.3d 238, 243 (1st Cir. 2009); *McCloskey v. Mueller*, 446 F.3d 262, 271-272 (1st Cir. 2006)) (emphasis added). "The proper defendant in a *Bivens* action is not the United States or its agencies, but the individual federal employee that directly participated in the alleged denial of plaintiff's constitutional rights."  *Id*. (citing *Meyer*, 510 U.S. at 484-486).  There is no allegation in

---

[3] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiffs' Complaint that Acting CBP Commissioner Miller or DHS Secretary Mayorkas directly participated in the alleged denial of Plaintiffs' constitutional rights, nor can there be. Thus, Plaintiffs' official-capacity claims against defendants Miller and Mayorkas are both prohibited, and fail to state a claim upon which relief may be granted, and must be dismissed.

Plaintiffs also bring constitutional claims against DHS, CBP and individual federal officers or employees in their official capacities.  Because *Bivens* is the exclusive remedy for Plaintiffs' claims under the Fourth and Fifth Amendment, and because a *Bivens* lawsuit cannot be brought against DHS, CBP and the individual official-capacity defendants for the reasons set forth above,  Plaintiffs' claims against DHS, CBP, CBP Acting Commissioner Miller, and DHS Secretary Alejandro Mayorkas must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).

## II.    Plaintiffs' Massachusetts Civil Rights Act Claims Also Fail

In Counts 17 and 22 of the Complaint, Plaintiffs bring FTCA claims against the United States for violation of their civil rights under MCRA, alleging that DHS, CBP, and individual CBP officers (in their official capacities) violated Plaintiffs' right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment of the U.S. Constitution.  These allegations must be dismissed against the United States because the United States has not waived its sovereign immunity for claims brought under the MCRA and therefore cannot be subject to suit.

The FTCA, 28 U.S.C. § 2671, *et seq.*, provides a limited waiver of sovereign immunity, allowing suits against the United States for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b).  Where the FTCA applies, the United States may be liable for certain torts "in the same manner and to the same extent as a private individual

under like circumstances." 28 U.S.C. § 2674. While certain intentional torts are specifically excluded by the FTCA, 28 U.S.C. § 2680(h), sovereign immunity has been waived for assault, battery, false imprisonment, false arrest, abuse of process and malicious prosecution, when committed by investigative or law enforcement officers. *Id.*

To succeed on a claim under the MCRA, a plaintiff "must prove that (1) his exercise of enjoyment of rights secured by the Constitution or the laws of either the United States or the Commonwealth, (2) have been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by 'threats, intimidation or coercion." *Freeman v. Planning Bd. of W. Boylston,* 419 Mass. 548, 564, 646 N.E.2d 139 (1995) (quoting *Bally v. Northeastern Univ.,* 403 Mass. 713, 717, 532 N.E.2d 49 (1989)). To be actionable, "a defendant's actions must amount to 'an attempt to force someone to do something the person is not lawfully required to do.'" *Bazinet v. Thorpe*, 190 F. Supp. 3d 229, 238 (D. Mass. 2016) (citing *Freeman*, 419 Mass. at 646). "In other words, '[t]he MCRA contemplates a two-part sequence: liability may be found where (1) the defendant threatens, intimidates, or coerces the plaintiff in order to (2) cause the plaintiff to give up something that he has the constitutional right to do.'" *Lloyd v. Burt*, 997 F. Supp. 2d 71, 76 (D. Mass. 2014) (citing *Spencer v. Roche,* 755 F.Supp.2d 250, 267 (D. Mass. 2010).

Here, Plaintiffs bring MCRA claims against the United States pursuant to the FTCA, 28 U.S.C. § 1346(b)(1) which provides a district court with exclusive jurisdiction over damages claims against the United States for personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. *Carroll v. United States,* 674 F.Supp.2d 346, 348-349 (D. P.R. 2009) (citing *Celestine v. Mount Vernon Neighborhood Health Center*, 403 F.3d 76, 80 (2d Cir. 2005)).

Federal agencies and employees cannot be sued under the FTCA, which only allows for suits against the United States.  *See* 28 U.S.C. § 2679(a); *Meyer*, 510 U.S. at 476.

The United States has not waived its sovereign immunity for claims brought pursuant to the MCRA, and constitutional claims against the government are barred for the reasons set forth above.  *See Meyer,* 510 U.S. at 484-486; *Dasey v. Anderson,* 304 F.3d 148, 153 (1st Cir. 2002) (but also holding that sovereign immunity did not bar claims under the MCRA for officers sued in their individual capacities).  "Sovereign immunity is jurisdictional in nature.  Indeed, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit."  *Meyer,* 510 U.S. at 475 (case citations omitted).  Absent a waiver of sovereign immunity, the United States is shielded from suit.  *Id*.  And, as set forth above, Plaintiffs' constitutional claims against the individual defendants in their official capacities, are subject to dismissal.  *McCloskey*, 446 F.3d at 271-272 (citing *Ruiz-Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir. 2000) (sovereign immunity precludes suits against the United States, its agencies, or federal officers sued in their official capacities)).

Thus, because the United States has not waived its sovereign immunity for claims brought pursuant to the MCRA, this Court lacks jurisdiction to consider Plaintiffs' claims, and Counts 17 and 22 of Plaintiffs' Complaint against the United States must be dismissed.  *Sanchez v. United States*, 740 F.3d 47, 50 (1st Cir. 2014) (federal courts lack jurisdiction over claims against the United States unless the government has waived its sovereign immunity).  Absent a waiver of sovereign immunity, the United States is shielded from suit, and therefore Plaintiffs' claims cannot survive.  *Meyer,* 510 U.S. at 475; *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

Additionally, the MCRA is only applicable against a "person," and not against governmental agencies or entities. *Kelley v. LaForce*, 288 F.3d 1, 11 (1st Cir. 2002) (holding that "under Massachusetts law a municipality cannot be sued under the MCRA."); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (in common usage, the term "person" does not include the sovereign and statutes employing the word are ordinarily construed to exclude it) (citations omitted); Mass. Gen. Laws ch. 4, § 7, clause 23, ("person" includes corporations, societies, associations, and partnerships, but not the Commonwealth or its departments). The United States is not a "person" subject to the MCRA; the Commonwealth of Massachusetts cannot create a private right for citizens under Massachusetts law against the United States to which the United States has not waived its sovereign immunity. *See* 28 U.S.C. § 1346; *Villanueva v. United States*, 662 F.3d 124, 127 (1st Cir. 2011) ("constitutional tort claims are not cognizable under the FTCA.").

Accordingly, because the United States has not waived its sovereign immunity for claims brought pursuant to the MCRA, and because the United States is not a "person" under the MCRA, Counts 17 and 22 of Plaintiffs' claims against the United States alleging violations of the MCRA must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).

## CONCLUSION

Wherefore, for all of the foregoing reasons, defendants Department of Homeland Security, U.S. Customs and Border Protection, Acting CBP Commissioner Troy A. Miller, DHS Secretary Alejandro Mayorkas, and the United States of America respectfully request that this Court allow Defendants' motion for partial dismissal of Plaintiffs' Complaint and enter judgment in Defendants' favor on Counts 1, 2, 6, 7, 17, and 22 of Plaintiffs' Complaint.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By:    */s/ Eve A. Piemonte*
Eve A. Piemonte
Assistant United States Attorney
United States Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3369
Dated: October 15, 2021    Eve.Piemonte@usdoj.gov

## CERTIFICATE OF SERVICE

I, Eve A. Piemonte, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Eve A. Piemonte*
Eve A. Piemonte
Dated: October 15, 2021    Assistant United States Attorney