## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

NEISA ORTEGA; and N.Z. *by her next friend, Neisa Ortega,*

        Plaintiffs,

v.

UNITED STATES CUSTOMS AND BORDER PROTECTION; CBP OFFICERS DOE 1-13; SUPERVISORY CBP OFFICERS DOE 1-3; CBP COMMISSIONER TROY A. MILLER[1], *in his official capacity;* UNITED STATES DEPARTMENT OF HOMELAND SECURITY; DHS SECRETARY ALEJANDRO MAYORKAS, *in his official capacity;* and the UNITED STATES OF AMERICA,

        Defendants.

Civil Action No. 21-11250-FDS

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants U.S. Department of Homeland Security (DHS), U.S. Customs and Border Protection (CBP), Acting CBP Commissioner Troy A. Miller, DHS Secretary Alejandro Mayorkas, and the United States of America (collectively, Defendants) hereby answer the numbered paragraphs of Plaintiffs' Complaint (Complaint) as follows:

## INTRODUCTION

The allegations contained in the introductory paragraph of the Complaint consist of Plaintiffs' characterization of their action and conclusions of law to which no response is

---

[1] Troy A. Miller is Acting Commissioner for U.S. Customs and Border Protection.

required.  To the extent the introductory paragraph is deemed to set forth factual allegations requiring a response, such allegations are denied.

## JURISDICTION AND VENUE

1.      The allegations contained in paragraph 1 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

2.      The allegations contained in paragraph 2 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

3.      The allegations contained in paragraph 3 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

4.      Admitted.

5.      Admitted.

6.      Defendants admit that the DHS Office for Civil Rights and Civil Liberties (CRCL) sent a letter dated March 30, 2021, to Plaintiffs' counsel stating that CRCL investigated Plaintiffs' complaint, was unable to substantiate Plaintiffs' allegations, and was closing Plaintiffs' complaint with no further action.  Defendants deny the remaining allegations contained in paragraph 6 of the Complaint.

7.      The allegations contained in paragraph 7 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

## PARTIES

### *Plaintiffs*

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and therefore deny them.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore deny them.

### *Defendants*

10.      Defendants admit that CBP's mission, in part, is to protect the American people, and safeguard the country's borders.  Defendants deny the remaining allegations contained in paragraph 10 of the Complaint.

11.      Defendants deny that multiple body cavity and strip searches of Ms. Ortega were conducted on April 27, 2019, at Boston Logan International Airport (Logan Airport). Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint, and therefore deny them.

12.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and therefore deny them.

13.      Defendants deny that a body search of Ms. Ortega was conducted on April 27, 2019, at Logan Airport.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint, and therefore deny them.

14.      Defendants deny that two pat-down searches of Ms. Ortega were conducted on September 8, 2019, at Logan Airport.  Defendants lack knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint, and therefore deny them.

15.     Defendants deny that a body search of Ms. Ortega occurred on August 20, 2020, at Logan Airport.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint, and therefore deny them.

16.     Defendants deny that a body cavity and strip search of Ms. Ortega occurred on August 20, 2020, at Logan Airport.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint, and therefore deny them.

17.     Defendants deny that a body search of Ms. Ortega's occurred on August 20, 2020, at Logan Airport.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint, and therefore deny them.

18.     Defendants deny that a body search of Ms. Ortega occurred on August 20, 2020, at Logan Airport.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint, and therefore deny them.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore deny them.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and therefore deny them.

21.     Denied.

22.     Defendants admit that CBP is a component of DHS.   Defendants deny the remaining allegations contained in paragraph 22 of the Complaint.

23.     Defendants admit that Alejandro Mayorkas is Secretary of DHS.   Defendants deny the remaining allegations contained in paragraph 23 of the Complaint.

24.     Denied.

## FACTUAL ALLEGATIONS

25.     Admitted.

26.     Defendants admit that its mission, in part, is to keep terrorists and weapons out of the United States, and to secure and facilitate trade and travel while enforcing hundreds of U.S. regulations, including immigration and drug laws.   Defendants deny the remaining allegations contained in paragraph 26 of the Complaint.

### *CBP National Standards on Transport, Escort, Detention, and Search (TEDS)*

27.     Defendants admit that CBP implemented TEDS in October 2015.   Answering further, Defendants state that the TEDS policy document speaks for itself.   Defendants deny the remaining allegations contained in paragraph 27 of the Complaint.

28.     Defendants admit that in addition to transport, escort, detention and search provisions, TEDS also includes best practices related to sexual abuse and assault prevention and response; care of at-risk individuals in custody; and personal property.    Answering further, Defendants state that the TEDS policy document speaks for itself.   Defendants deny the remaining allegations contained in paragraph 28 of the Complaint.

29.     Defendants admit that TEDS General Standard 1.2 includes a provision that CBP employees must speak and act with the utmost integrity and professionalism.  Answering further, Defendants state that the TEDS policy document speaks for itself.

30.     Defendants admit that under TEDS General Standard 1.3, CBP has a zero-tolerance policy prohibiting all forms of sexual abuse of individuals in CBP custody, including in detention facilities, during transport, and during processing.  Answering further, Defendants state that the TEDS policy document speaks for itself.

31.     Defendants admit that TEDS General Standard 1.4 includes a provision that CBP employees treat all individuals with dignity and respect, and perform their duties in a non-discriminatory manner, with respect to all forms of protected status under federal law, regulation, Executive Order, or policy, with full respect for individual rights including equal protection under the law, due process, freedom of speech, and religion, freedom from excessive force, and freedom from unreasonable searches and seizures.  Answering further, Defendants state that the TEDS policy document speaks for itself.

32.     Defendants admit that TEDS General Standard 1.7 includes a provision that all instructions and relevant information must be communicated to a detainee in a language or manner the detainee can comprehend.  Answering further, Defendants state that the TEDS policy document speaks for itself.

33.     Defendants admit that under TEDS General Standard 1.9, CBP will maintain family unity to the greatest extent operationally feasible, absent a legal requirement or an articulable safety or security concern that requires separation.  Answering further, Defendants state that the TEDS policy document speaks for itself.  Defendants deny the remaining allegations contained in paragraph 33 of the Complaint.

34.     Defendants admit that the TEDS search standard set forth at Section 3.1 requires that all searches be conducted under the appropriate legal authority and standards.  Defendants admit that Section 3.1 further requires that officers/agents be diligent in their efforts to protect a

detainee's legal rights and treat detainees with respect, dignity, and an appropriate level of privacy.  Answering further, Defendants state that the TEDS policy document speaks for itself. Defendants deny the remaining allegations contained in paragraph 34 of the Complaint.

35.     Defendants admit that the TEDS search standard set forth at Section 3.3 requires that CBP officers communicate all search instructions to the detainee in a language and manner the detainee can comprehend, and that CBP officers explain the search process, in general terms, as the search progresses.  Answering further, Defendants state that TEDS Section 3.3 provides that for safety reasons, an explanation of an immediate pat-down for weapons or dangerous objects may be conducted after the search.  Defendants further state that the TEDS policy document speaks for itself.  Defendants deny the remaining allegations contained in paragraph 35 of the Complaint.

36.     Defendants admit that the first sentence of paragraph 36 of Plaintiffs' Complaint sets forth a general provision defining a strip search as set forth in TEDS Section 3.7. Defendants further admit that the second sentence of paragraph 36 articulates a portion of TEDS Section 3.7 relating to an officer's or agent's strip search conduct.   Answering further, Defendants state that the TEDS policy document speaks for itself.   Defendants deny the remaining allegations contained in paragraph 36 of the Complaint.

37.     Defendants admit that the first sentence of paragraph 37 of the Complaint states a general provision defining a body cavity search as set forth in TEDS Section 3.8.  Defendants further admit that the second sentence of paragraph 37 articulates a portion of TEDS Section 3.8 relating to medical practitioner and medical facility requirements.  Defendants admit that the third sentence of paragraph 37 articulates a portion of TEDS Section 3.8 entitled "Supervisory Approval for Body Cavity Searches."  Answering further, Defendants state that the TEDS policy

document speaks for itself.  Defendants deny the remaining allegations contained in paragraph 37 of the Complaint.

38.    Defendants admit that paragraph 38 of the Complaint references a subsection within TEDS Section 3.8 entitled "Prohibition on Observation."  Answering further, Defendants state that the TEDS policy document speaks for itself.  Defendants deny the remaining allegations contained in paragraph 38 of the Complaint.

39.    Defendants admit that TEDS Section 5.1, defining at-risk populations, states that individuals in the custody of CBP who may require additional care or oversight includes juveniles.  Answering further, Defendants state that the TEDS policy document speaks for itself. Defendants deny the remaining allegations contained in paragraph 39 of the Complaint.

40.    Defendants admit that paragraph 40 of the Complaint sets forth a portion of TEDS Section 5.6, governing detention, which provides that, generally, family units with juveniles should not be separated, and requires officers/agents to follow legal requirements and their operational office's policies and procedures.  Answering further, Defendants state that the TEDS policy document speaks for itself.  Defendants deny the remaining allegations contained in paragraph 40 of the Complaint.

41.    Defendants admit that paragraph 41 of the Complaint states the definitions of "detainee" and "juvenile" as set forth in TEDS Section 8.0.  Answering further, Defendants state that the TEDS policy document speaks for itself.

42.    Defendants admit that TEDS Section 8.0 includes a definition of sexual abuse of a detainee by a staff member, contractor or volunteer.  Answering further, Defendants state that the TEDS policy document speaks for itself.  Defendants deny the remaining allegations contained in paragraph 42 of the Complaint.

**Neisa Ortega – Incident One:  April 27, 2019**

43.     Defendant admits that on April 27, 2019, Plaintiffs flew into Logan Airport from the Dominican Republic.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43 of the Complaint, and therefore deny them.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, and therefore deny them.

45.     Denied.

46.     Defendants admit that CBP officers escorted Plaintiffs from the primary inspection area to the secondary inspection area and retrieved their checked baggage. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46 of the Complaint, and therefore deny them.

47.     Defendants admit that at approximately 9:00 a.m., Plaintiffs were escorted from the primary inspection area to a secondary inspection area.  Defendants deny the remaining allegations contained in paragraph 47 of the Complaint.

48.     Denied.

49.     Defendants admit that CBP officers performed a search of Plaintiffs' luggage. Defendants deny the remaining allegations contained in paragraph 49 of the Complaint.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint, and therefore deny them.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, and therefore deny them.

52.     Defendants admit that no illegal substances were found in Plaintiffs' luggage. Defendants deny the remaining allegations contained in paragraph 52 of the Complaint.

53.     Denied.

54.     Defendants admit conducting a search of Plaintiffs' cellular devices.  Defendants deny the remaining allegations contained in paragraph 54 of the Complaint.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' feelings, and therefore deny them.  Defendants deny the remaining allegations contained in paragraph 55 of the Complaint.

56.     Defendants admit that no derogatory information was discovered on Plaintiffs' cellular devices.  Answering further, Defendants state that CBP documents speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 56 of the Complaint, and therefore deny them.

57.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, and therefore deny them.

58.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint, and therefore deny them.

59.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, and therefore deny them.

60.     Defendants deny that Plaintiffs' allegation that they were not provided with any information by CBP officers.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 of the Complaint, and therefore deny them.

61.     Denied.

62.     Defendants admit that Ms. Ortega was provided with, and signed, an x-ray consent form.   Defendants deny the remaining allegations contained in paragraph 62 of the Complaint.

63.     Defendants admit CBP officers did not take Ms. Ortega to the hospital for an x-ray.  Defendants deny the remaining allegations contained in paragraph 63 of the Complaint.

64.     Defendants admit that Ms. Ortega was taken into a private area to be searched. Defendants deny the remaining allegations contained in paragraph 64 of the Complaint.

65.     Denied.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint, and therefore deny them.

67.     Defendants admit that Ms. Ortega was instructed to remove her pants and underwear to allow CBP officers to conduct a partial body search.   Defendants deny the remaining allegations contained in paragraph 67 of the Complaint.

68.     Defendants admit that CBP officers requested a partial body search.  Answering further, Defendants state that CBP documents speak for themselves.   Defendants deny the remaining allegations contained in paragraph 68 of the Complaint.

69.     Denied.

70.     Defendants admit a supervisory CBP officer was on duty supervising officers on April 27, 2019.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 70 of the Complaint, and therefore deny them.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint, and therefore deny them.

72.     Defendants admit that Ms. Ortega told CBP officers that she was experiencing her menstrual period and using toilet paper due to light bleeding.  Defendants deny the remaining allegations contained in paragraph 72 of the Complaint.

73.     Denied.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint concerning Ms. Ortega's feelings, and therefore deny them.  Defendants deny the remaining allegations contained in paragraph 74 of the Complaint.

75.     Defendants admit that CBP officers asked Ms. Ortega to face the wall, with her hands up, during the search.  Defendants deny the remaining allegations contained in paragraph 75 of the Complaint.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ms. Ortega's feelings, and therefore deny them.  Defendants deny the remaining allegations contained in paragraph 81 of the Complaint.

82.     Defendants admit that no illegal drugs were found during Ms. Ortega's search. Defendants deny the remaining allegations contained in paragraph 82 of the Complaint.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Defendants admit that no contraband was recovered from Ms. Ortega. Defendants deny the remaining allegations contained in paragraph 86 of the Complaint.

87.     Denied.

88.     Denied.

89.     Defendants admit that no contraband was recovered from Ms. Ortega. Defendants deny the remaining allegations contained in paragraph 89 of the Complaint.

90.     Defendants deny that Ms. Ortega was sexually violated.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 90 of the Complaint, and therefore deny them.

91.     Denied.

92.     Denied.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint, and therefore deny them.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint, and therefore deny them.

98.     Denied.

99.     Denied.

100.    Denied.

**Neisa Ortega – Incident Two:  September 8, 2019**

101.    Defendants admit that on September 8, 2019, Ms. Ortega and a companion flew into Logan Airport from the Dominican Republic.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 101 of the Complaint, and therefore deny them.

102.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint, and therefore deny them.

103.    Denied.

104.    Defendants admit that Ms. Ortega and her companion were referred to secondary inspection.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 104 of the Complaint, and therefore deny them.

105.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint, and therefore deny them.

106.    Denied.

107.    Defendants admit that CBP questioned Ms. Ortega about her travel, and that she stated she has been visiting family in the Dominican Republic.  Defendants deny the remaining allegations contained in paragraph 107 of the Complaint.

108.    Defendants admit that CBP officers searched Ms. Ortega's luggage and conducted a pat-down search of Ms. Ortega.  Defendants deny the remaining allegations contained in paragraph 108 of the Complaint.

109.    Denied.

110.    Defendants admit that no illegal substances were found by CBP officers. Defendants deny the remaining allegations contained in paragraph 110 of the Complaint.

111.    Denied.   Answering further, Defendants state that CBP documents speak for themselves.

112.    Defendants admit that no illegal substances were discovered on September 8, 2019.   Answering further, Defendants state that CBP documents speak for themselves. Defendants deny the remaining allegations contained in paragraph 112 of the Complaint, and therefore deny them.

113.    Denied.

114.    Denied.

**Neisa Ortega – Incident Three:  March 16, 2020**

115.    Defendants admit that on March 16, 2020, Ms. Ortega flew into Logan Airport from the Dominican Republic.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 115 of the Complaint, and therefore deny them.

116.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Complaint, and therefore deny them.

117.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Complaint, and therefore deny them.

118.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Complaint, and therefore deny them.

119.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Complaint, and therefore deny them.

15

120.    Denied.

**Neisa Ortega – Incident Four:  August 20, 2020**

121.    Defendants admit that on August 20, 2020, Plaintiffs flew into Logan Airport from the Dominican Republic.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 121 of the Complaint, and therefore deny them.

122.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of the Complaint, and therefore deny them.

123.    Denied.

124.    Defendants admit that Plaintiffs were referred to secondary inspection and that their luggage was searched.  Defendants deny the remaining allegations contained in paragraph 124 of the Complaint.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Complaint, and therefore deny them.

129.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Complaint, and therefore deny them.

130.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the Complaint, and therefore deny them.

131.    Defendants admit that Plaintiffs' luggage was searched and no illegal substances were found.  Defendants deny the remaining allegations contained in paragraph 131 of the Complaint.

132.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 of the Complaint, and therefore deny them.

133.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133 of the Complaint, and therefore deny them.

134.    Defendants admit that a supervisor approved a pat-down of Ms. Ortega. Answering further, Defendants state that CBP documents speak for themselves.  Defendants deny the remaining allegations contained in paragraph 134 of the Complaint.

135.    Defendants deny that CBP officers assaulted Ms. Ortega at any time.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 135 of the Complaint, and therefore deny them.

136.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of the Complaint, and therefore deny them.

137.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 of the Complaint, and therefore deny them.

138.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138 of the Complaint, and therefore deny them.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Defendants admit that during the pat-down search, CBP officers asked Ms. Ortega to face the wall, with her hands up.  Defendants deny the remaining allegations contained in paragraph 145 of the Complaint.

146.    Denied.

147.    Defendants admit that no illegal drugs were found during Ms. Ortega's pat-down search.  Defendants deny the remaining allegations contained in paragraph 147 of the Complaint.

148.    Denied.

149.    Denied.

150.    Defendants admit that no illegal drugs were found during Ms. Ortega's pat-down search.  Defendants deny the remaining allegations contained in paragraph 150 of the Complaint.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.     Denied.

163.     Denied.

164.     Denied.

165.     Defendants admit that no illegal drugs were found during Ms. Ortega's pat-down search.  Defendants deny the remaining allegations contained in paragraph 165 of the Complaint.

166.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 166 of the Complaint, and therefore deny them.

167.     Denied.

168.     Defendants deny that Ms. Ortega was subjected to an invasive search and further deny that she was repeatedly sexually violated.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 168 of the Complaint, and therefore deny them.

169.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169 of the Complaint, and therefore deny them.

170.     Denied.

171.     Denied.

**Neisa Ortega – Life After the Incidents**

172.     Defendants deny causing Ms. Ortega trauma and physical and emotional distress. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 172 of the Complaint, and therefore deny them.

173.     Defendants deny causing Ms. Ortega trauma and physical and emotional distress. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 173 of the Complaint, and therefore deny them.

174.     Defendants deny causing Ms. Ortega trauma and physical and emotional distress. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 174 of the Complaint, and therefore deny them.

175.     Denied.

176.     Denied.

177.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 177 of the Complaint, and therefore deny them.

178.     Defendants deny causing Ms. Ortega stress, depression, and hair loss.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 178 of the Complaint, and therefore deny them.

179.     Denied.

180.     Defendants deny abusing Ms. Ortega.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 180 of the Complaint, and therefore deny them.

181.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 181 of the Complaint, and therefore deny them.

182.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 182 of the Complaint, and therefore deny them.

183.     Denied.

184.     Defendants deny treating Ms. Ortega's body like an object.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 184 of the Complaint, and therefore deny them.

185.    Defendants deny causing Ms. Ortega to suffer isolation, and deny abusing Ms. Ortega or any of her traveling companions, including N.Z.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 185 of the Complaint, and therefore deny them.

### N.Z. – Incident One:  April 27, 2019

186.    Defendants admit that on April 27, 2019, Plaintiffs flew into Logan Airport from the Dominican Republic.  Defendants further admit that Plaintiffs were referred to secondary inspection, and their luggage was searched.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 186 of the Complaint, and therefore deny them.

187.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 187 of the Complaint, and therefore deny them.

188.    Defendants admit a search of Plaintiffs' cellular devices was conducted on April 27, 2019.   Defendants deny the remaining allegations contained in paragraph 188 of the Complaint.

189.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 189 of the Complaint, and therefore deny them.

190.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 190 of the Complaint, and therefore deny them.

191.    Defendants admit that Ms. Ortega was taken into a private area to be searched. Defendants deny the remaining allegations contained in paragraph 191 of the Complaint.

192.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 192 of the Complaint, and therefore deny them.

193.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 193 of the Complaint, and therefore deny them.

194.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 194 of the Complaint, and therefore deny them.

195.     Defendants admit providing N.Z. with a snack and juice to consume.  Defendants deny the remaining allegations contained in paragraph 195 of the Complaint.

196.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 196 of the Complaint, and therefore deny them.

197.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 197 of the Complaint, and therefore deny them.

198.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 198 of the Complaint, and therefore deny them.

199.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199 of the Complaint, and therefore deny them.

200.     Defendants admit that no illegal drugs were recovered from N.Z.  Defendants deny the remaining allegations contained in paragraph 200 of the Complaint.

201.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 201 of the Complaint, and therefore deny them.

202.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 202 of the Complaint, and therefore deny them.

203.     Denied.

**N.Z. – Incident Two:  August 20, 2020**

204.    Defendants admit that on August 20, 2020, Plaintiffs flew into Logan Airport from the Dominican Republic.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 204 of the Complaint, and therefore deny them.

205.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 205 of the Complaint, and therefore deny them.

206.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 206 of the Complaint, and therefore deny them.

207.    Denied.

208.    Defendants admit that Plaintiffs were referred to secondary inspection. Defendants deny the remaining allegations contained in paragraph 208 of the Complaint.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Defendants deny Ms. Ortega's claims regarding her previous encounters with CBP officers and further deny causing Ms. Ortega injury or trauma.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 212 of the Complaint, and therefore deny them.

213.    Denied.

214.    Defendants deny Ms. Ortega's claims regarding her previous encounters with CBP officers and further deny causing Ms. Ortega injury or trauma.  Defendants lack knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 214 of the Complaint, and therefore deny them.

215.    Denied.

216.    Defendants deny Plaintiffs' claims regarding their previous encounters with CBP officers and further deny causing Plaintiffs injury or trauma.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 216 of the Complaint, and therefore deny them.

217.    Denied.

218.    Denied.

**Plaintiffs Neisa Ortega and N.Z.**
***Exhaustion of Administrative Remedies***

219.    Admitted.

220.    The allegations contained in paragraph 220 of the Complaint state a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

221.    Admitted.

222.    Admitted.

223.    The allegations contained in paragraph 223 of the Complaint state a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

224.    Admitted.

## CAUSES OF ACTION

### COUNT 1

225.    Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 224 of the Complaint above, as though fully set forth herein.

226.-227.    Defendants have filed a motion to dismiss Count 1 of the Complaint and therefore a response is not required.  To the extent a response is required, Defendants deny the allegations contained in paragraphs 226 through 227 of the Complaint.

### COUNT 2

228.    Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 227 of the Complaint above, as though fully set forth herein.

229.-230.    Defendants have filed a motion to dismiss Count 2 of the Complaint and therefore a response is not required.  To the extent a response is required, Defendants deny the allegations contained in paragraphs 229 through 230 of the Complaint.

### COUNT 3

231.    Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 230 of the Complaint above, as though fully set forth herein.

232.-233.    The allegations contained in paragraphs 232 through 233 of the Complaint are not directed against Defendants and therefore a response is not required.  To the extent a response is required, Defendants deny the allegations contained in paragraphs 232 through 233 of the Complaint.

### COUNT 4

234.    Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 233 of the Complaint above, as though fully set forth herein.

235.-236.     The allegations contained in paragraphs 235 through 236 of the Complaint are not directed against Defendants and therefore a response is not required.  To the extent a response is required, Defendants deny the allegations contained in paragraphs 235 through 236 of the Complaint.

## COUNT 5

237.     Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 236 of the Complaint above, as though fully set forth herein.

238.-239.     The allegations contained in paragraphs 238 through 239 of the Complaint are not directed against Defendants and therefore a response is not required.  To the extent a response is required, Defendants deny the allegations contained in paragraphs 238 through 239 of the Complaint.

## COUNT 6

240.     Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 239 of the Complaint above, as though fully set forth herein.

241.     Defendants have filed a motion to dismiss Count 6 of the Complaint and therefore a response is not required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 241 of the Complaint.

## COUNT 7

242.     Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 241 of the Complaint above, as though fully set forth herein.

243.     Defendants have filed a motion to dismiss Count 7 of the Complaint and therefore a response is not required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 243 of the Complaint.

**COUNT 8**

244.     Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 243 of the Complaint above, as though fully set forth herein.

245.-246.     The allegations contained in paragraphs 245 through 246 of the Complaint are not directed against Defendants and therefore a response is not required.  To the extent a response is required, Defendants deny the allegations contained in paragraphs 245 through 246 of the Complaint.

**COUNT 9**

247.     Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 246 of the Complaint above, as though fully set forth herein.

248.-249.     The allegations contained in paragraphs 248 through 249 of the Complaint are not directed against Defendants and therefore a response is not required.  To the extent a response is required, Defendants deny the allegations contained in paragraphs 248 through 249 of the Complaint.

**COUNT 10**

250.     Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 249 of the Complaint above, as though fully set forth herein.

251.     The allegations contained in paragraph 251 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

252.     Denied.

253.     Denied.

254.     Denied.

255.    Denied.

256.    Denied.

## COUNT 11

257.    Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 256 of the Complaint above, as though fully set forth herein.

258.    The allegations contained in paragraph 258 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

259.    Denied.

260.    Denied.

261.    Denied.

262.    Denied.

263.    Denied.

## COUNT 12

264.    Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 263 of the Complaint above, as though fully set forth herein.

265.    The allegations contained in paragraph 265 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

266.    Denied.

267.    Denied.

268.    Denied.

269.    Denied.

270.    Denied.

271.    Denied.

## COUNT 13

272.    Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 271 of the Complaint above, as though fully set forth herein.

273.    The allegations contained in paragraph 273 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

274.    Denied.

275.    Denied.

276.    Denied.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Denied.

## COUNT 14

281.    Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 280 of the Complaint above, as though fully set forth herein.

282.    The allegations contained in paragraph 282 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

283.    The allegations contained in paragraph 283 of the Complaint state a conclusion of law to which no response is required.   To the extent a response is required, the allegations are denied.

284.    Defendants admit that CBP implemented TEDS in October 2015.   Answering further, Defendants state that the TEDS policy document speaks for itself.   Defendants deny the remaining allegations contained in paragraph 284 of the Complaint.

285.    Defendants deny each and every allegation contained in paragraph 285 of the Complaint, including sub-paragraphs 285(1) through 285(6), inclusive.

286.    Denied.

287.    Denied.

## COUNT 15

288.    Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 287 of the Complaint above, as though fully set forth herein.

289.    The allegations contained in paragraph 289 of the Complaint state a conclusion of law to which no response is required.   To the extent a response is required, the allegations are denied.

290.    The allegations contained in paragraph 290 of the Complaint state a conclusion of law to which no response is required.   To the extent a response is required, the allegations are denied.

291.    Denied.

292.    Denied.

293.    Denied.

294.    Denied.

295.    Denied.

296.    Denied.

297.    Denied.

**COUNT 16**

298.    Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 297 of the Complaint above, as though fully set forth herein.

299.    The allegations contained in paragraph 299 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

300.    The allegations contained in paragraph 300 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

301.    The allegations contained in paragraph 301 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

302.    Denied.

303.    Denied.

304.    Denied.

305.    Denied.

306.    Denied.

307.    Denied.

308.    Denied.

309.    Denied.

**COUNT 17**

310.    Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 309 of the Complaint above, as though fully set forth herein.

311.-315.     Defendants have filed a motion to dismiss Count 17 of the Complaint and therefore a response is not required.  To the extent a response is required, Defendants deny the allegations contained in paragraphs 311 through 315 of the Complaint.

**COUNT 18**

316.    Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 315 of the Complaint above, as though fully set forth herein.

317.    The allegations contained in paragraph 317 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

318.    Denied.

319.    Denied.

320.    Denied.

321.    Denied.

322.    Denied.

323.    Denied.

**COUNT 19**

324.    Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 323 of the Complaint above, as though fully set forth herein.

325.    The allegations contained in paragraph 325 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

326.    The allegations contained in paragraph 326 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

327.    Defendants admit that CBP implemented TEDS in October 2015.  Answering further, Defendants state that the TEDS policy document speaks for itself.  Defendants deny the remaining allegations contained in paragraph 327 of the Complaint.

328.    Defendants admit that CBP implemented TEDS in October 2015.  Answering further, Defendants state that the TEDS policy document speaks for itself.  Defendants deny the remaining allegations contained in paragraph 328 of the Complaint.

329.    Defendants deny each and every allegation contained in paragraph 329 of the Complaint, including sub-paragraphs 329(1) through 329(7), inclusive.

330.    Denied.

331.    Denied.

## COUNT 20

332.    Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 331 of the Complaint above, as though fully set forth herein.

333.    The allegations contained in paragraph 333 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

334.    The allegations contained in paragraph 334 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

335.    The allegations contained in paragraph 335 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

336.    Denied.

337.    Denied.

338.    Denied.

339.    Denied.

340.    Denied.

341.    Denied.

342.    Denied.

343.    Denied.

**COUNT 21**

344.    Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 343 of the Complaint above, as though fully set forth herein.

345.    The allegations contained in paragraph 345 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

346.    The allegations contained in paragraph 346 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the allegations are denied.

347.    Denied.

348.    Denied.

349.    Denied.

350.    Denied.

351.    Denied.

352.    Denied.

353.    Denied.

<strong>COUNT 22</strong>

354.    Defendants reiterate and incorporate by reference their responses to paragraphs 1 through 353 of the Complaint above, as though fully set forth herein.

355.-358.    Defendants have filed a motion to dismiss Count 22 of the Complaint and therefore a response is not required.  To the extent a response is required, Defendants deny the allegations contained in paragraphs 355 through 358 of the Complaint.

<strong><u>REQUEST FOR RELIEF</u></strong>

The remainder of Plaintiffs' Complaint contains Plaintiffs' prayer for relief to which no response is required.  To the extent a response is required, the allegations are denied.

Answering further, Defendants deny each and every allegation not previously admitted, denied or otherwise qualified.

<strong><u>DEFENSES</u></strong>

1.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.    Defendants, through their employees, agents and servants, acted at all relevant times with due care and diligence; therefore, Defendants did not breach any actionable duty owed to Plaintiffs.

35

3.      Federal agencies and employees cannot be sued under the Federal Tort Claims Act (FTCA), which only allows for suits against the United States *eo nomine*.  28 U.S.C. § 2679(a).

4.      Under the FTCA, official capacity claims are considered to be against the United States, and are therefore cognizable only against the United States and not the individual employees.  28 U.S.C. § 2679(b)(1).

5.      To the extent that Plaintiffs' Complaint sets forth constitutional claims against the United States and its officers, agents, and employees in their official capacity, these claims are not actionable under the FTCA.

6.      To the extent Plaintiffs' claims are based upon the exercise or performance or failure to perform a discretionary function or duty, they are barred by the discretionary function exception of the FTCA.  28 U.S.C. § 2680(a).

7.      The injuries or damages, or both, alleged in the Complaint were not proximately caused by the negligent act or omission of any employee of the United States acting within the scope and course of employment.

8.      In the event Defendants are found negligent, which negligence the Defendants deny, such negligence is not the cause in fact or proximate cause of the alleged damages suffered by Plaintiffs.

9.      Any injuries or damages sustained by Plaintiffs was due in whole or in part to the actions or omissions, negligent or otherwise of Plaintiffs or others, known or unknown, over whom the Federal government has no control.

10.      Defendants are not liable for attorney's fees except as provided for by the FTCA. 28 U.S.C. § 2678.

11.     Plaintiffs' damages, if any, are limited to damages recoverable under the FTCA and Massachusetts law, and punitive damages against Defendants are not recoverable.  28 U.S.C. § 2674.

12.     Plaintiffs' damages are limited to the amount set forth in the administrative claim, as required by 28 U.S.C. § 2675(b).

13.     To the extent that any of Plaintiffs' claims were not the subject of an administrative tort claim, this Court lacks jurisdiction over those claims.  28 U.S.C. § 2675(a).

14.     Plaintiffs have no right to a jury trial in a personal injury action against the United States.  28 U.S.C. § 2402.

15.     To the extent Plaintiffs' Complaint seeks equitable relief, and not money damages, such relief is not cognizable under the FTCA which creates jurisdiction only for claims seeking money damages.  28 U.S.C. § 1346(b)(1).

16.     Plaintiffs cannot establish an injury-in-fact or the probability of a future injury, a causal connection between any purported injury-in-fact and the challenged action of Defendants, or that any purported injury would be redressed by a favorable decision.  Further, Plaintiffs cannot establish a real and immediate—as opposed to merely conjectural or hypothetical—threat of future injury.

17.     Defendants have, or may have, additional affirmative defenses that are not now known to Defendants, but may be ascertained through discovery.  Defendants specifically preserve those and other affirmative defenses as they are so ascertained.

WHEREFORE, Defendants U.S. Customs and Border Protection, Acting CBP Commissioner Troy A. Miller, U.S. Department of Homeland Security, DHS Secretary Alejandro Mayorkas, and United States of America respectfully request that judgment be granted

in their favor, and that the Court dismiss Plaintiffs' Complaint, and grant further relief as the

Court deems just and appropriate.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By:    */s/ Eve A. Piemonte*
Eve A. Piemonte
Assistant United States Attorney
United States Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3369
Dated: October 15, 2021                  Eve.Piemonte@usdoj.gov

## CERTIFICATE OF SERVICE

I, Eve A. Piemonte, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Eve A. Piemonte*
Eve A. Piemonte
Dated: October 15, 2021                  Assistant United States Attorney