# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Neisa Ortega; and N.Z. by her next friend Neisa Ortega, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:21-cv-11250-FDS |
| v. | ) ) ) | |
| United States Customs and Border Protection; CBP Officers Doe 1-13; Supervisory CBP Officers Doe 1-3; CBP Commissioner Troy A. Miller, *in his official capacity;* United States Department of Homeland Security; DHS Secretary Alejandro Mayorkas, *in his official capacity;* and the United States of America, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

## PLAINTIFFS' MEMORANDUM OF LAW IN
## SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT

## TABLE OF CONTENTS

INTRODUCTION……………………………………………………….......................1

ARGUMENT…………………………………………………………….………...2

I. The Court Should Grant Plaintiffs Leave to Amend Complaint to Substitute Named Defendants for John Doe Defendants or Unnamed Officers Because the Amendments are in the Interest of Justice……………..………………......................................................................................2

    A.  The Amendments to Substitute Named Defendants for John Doe Defendants or Unnamed Officers Are Not Futile.…………………………………………………………………..3

    B.  Plaintiffs Did Not Unduly Delay in Moving for Leave to Amend Complaint …………….5

CONCLUSION…………………………………………………………………...............6

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122 (1st Cir. 2006)…………..…………3-4

*Bond Opportunity Fund II, LLC v. Heffernan*, 340 F. Supp. 2d 146 (D.R.I. 2004)………..….......4

*Glassman v. Computervision Corp.*, 90 F.3d 617 (1st Cir. 1996)……………………………. 3-4

*Guest-Tek Interactive Entm't Inc. v. Pullen*, 731 F. Supp. 2d 80 (D. Mass. 2010)……..………..2

*Perry v. Rose*, No. 10-cv-10769-JGD, 2012 WL 3903475 (D. Mass. Sept. 6, 2012)……………2

*Rodriguez v. Banco Cent. Corp.*, 990 F.2d 7 (1st Cir. 1993)………………………………………..5

*Sheehan v. City of Gloucester*, 321 F.3d 21 (1st Cir. 2003) ………………………………........2

*Smith v. Mitre Corp.*, 949 F. Supp. 943 (D. Mass. 1997)……………………………………..4

*Steir v. Girl Scouts of the USA*, 383 F. 3d 7 (1st Cir. 2004)………………………..…....1-2

*Transwitch Corp. v. Galazar Networks, Inc,* 377 F. Supp. 2d 284 (D. Mass. 2005)….……......1-3

## Rules

Fed. R. Civ. P. 15(a)(1)………………………………………………………………….………2

Fed. R. Civ. P. 15(a)(2)………………………………………………………………….…..1-2

Fed. R. Civ. P. 12(b)(6). …………………………………………………………….………3-4

# INTRODUCTION

In this action alleging illegal body cavity searches and other improper conduct by government officials at Boston's Logan Airport, Plaintiffs, Neisa Ortega and N.Z., through their attorneys, move for leave to amend their Complaint to substitute the true names of certain parties listed as "Doe" Defendants and unnamed Officers in the original Complaint, following the disclosure of these identities in Defendants' Initial Disclosures.[1] A copy of the proposed Amended Complaint is attached to the Motion for Leave to Amend Complaint. ECF 29, Exhibit A.

Pursuant to Fed. R. Civ. P. 15(a)(2), the Court should grant Plaintiffs leave to amend the Complaint because justice requires it, the amendment will not be futile, and Plaintiffs did not unduly delay in bringing the instant motion for leave to amend. *Transwitch Corp. v. Galazar Networks, Inc.*, 377 F. Supp. 2d 284, 290 (D. Mass 2005); *Steir v. Girl Scouts of the USA*, 383 F. 3d 7, 11-12 (1st Cir. 2004). The case is in its earliest stages, and Plaintiffs have moved expeditiously to seek leave to amend the Complaint as soon as the true identities of certain Doe defendants and unnamed officers were discovered in Defendants' Initial Disclosures. Moreover, the proposed amendment does not change the substance of the claims in the Complaint, but simply substitutes in the true identities of certain Doe defendants and unnamed officers from the Complaint.

---

[1] Specifically, the following individuals are substituted for CBP Officers Does 1, 2, 9-11, and CBP Supervisory Officers Does 1-3: Larissa Sydor, Colleen Downey, Kimberly Carroll, Iganacio Tauroni, Brett Sweet, Carrie Acosta, and Daniel Ouellette. Additionally, Mary Davison and Jessica Croall are substituted as named Defendants for unnamed officers in the Complaint. ECF 1, ¶¶ 105-113. The existing named Defendants are: United States Customs and Border Protection (CBP); CBP Commissioner Troy A. Miller; United States Department of Homeland Security (DHS); DHS Secretary Alejandro Mayorkas; and the United States of America.

# ARGUMENT

I.  **The Court Should Grant Plaintiffs Leave to Amend Complaint to Substitute Named Defendants for John Doe Defendants or Unnamed Officers Because the Amendments are in the Interest of Justice.**

If an amended complaint cannot be filed as a matter of course under Fed. R. Civ. P. 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to grant a motion for leave to amend falls within the trial court's discretion. *Sheehan v. City of Gloucester*, 321 F.3d 21, 26 (1st Cir. 2003); *Guest-Tek Interactive Entm't Inc. v. Pullen*, 731 F. Supp. 2d 80, 92 (D. Mass. 2010). The Court should freely give leave to amend under Rule 15(a)(2) when justice so requires, absent a basis to deny such as futility, bad faith, undue delay or a dilatory motive. *Transwitch Corp. v. Galazar Networks, Inc.*, 377 F. Supp. 2d 284, 290 (D. Mass 2005); *Steir*, 383 F. 3d 7, 12 (1st Cir. 2004).

Here, it is in the interests of justice to allow Plaintiffs to amend their Complaint. The amendment does not substantively alter any of the legal claims raised in the original Complaint, as the amendments are simply to substitute the true names for the parties originally named as John Doe Defendants or unnamed officers, so that Plaintiffs can proceed with their claims against them. *See Perry v. Rose*, No. 10-cv-10769-JGD, 2012 WL 3903475, at *1, 4-7 (D. Mass. Sept. 6, 2012) (granting Plaintiff's motion for leave to amend complaint to substitute specific named defendants for both John Doe defendants in the original complaint).

A.  **The Amendments to Substitute Named Defendants for John Doe Defendants or Unnamed Officers Are Not Futile.**

The proposed amendment is not futile. In assessing futility for the purpose of evaluating a motion for leave to amend a complaint, courts apply the standard that applies to motions to dismiss

2

under Fed. R. Civ. P. 12(b)(6). *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006); *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). Here, the newly named Defendants are individuals who Plaintiffs originally identified in the Complaint as John Does or unnamed officers who violated Plaintiffs' rights:

- Larissa Sydor (originally identified as Defendant CBP Officer Doe 1 and 9) conducted multiple body cavity and strip searches of Ms. Ortega, and participated in her detention and questioning. ECF 1, ¶¶ 11, 16.

- Colleen Downey (originally identified as Defendant CBP Officer Doe 2) conducted multiple body cavity and strip searches of Ms. Ortega, and participated in her detention and questioning. ECF 1, ¶ 11.

- Mary Davison and Jessica Croall (originally identified as unnamed CBP Officers) used dogs to search Ms. Ortega and her belongings and confined, observed, searched and questioned her for several hours in the inspection room before releasing her. ECF 1, ¶¶ 105-108, 113.

- Kimberly Carroll (originally identified as Defendant CBP Officer Doe 10) conducted Ms. Ortega's body cavity and strip search and participated in her detention and questioning. ECF 1, ¶ 16.

- Iganacio Tauroni (originally identified as Defendant CBP Officer Doe 11) participated in Ms. Ortega's and N.Z.'s detention and questioning, and helped facilitate the search of her body. ECF 1, ¶ 17.

- Brett Sweet (originally identified as Defendant Supervisory CBP Officer Doe 1) was on shift on or about April 27, 2019 at Logan Airport when a body search of Ms. Ortega and separation and questioning of N.Z occurred. ECF 1, ¶ 13.

- Carrie Acosta (originally identified as Defendant Supervisory CBP Officer Doe 2) was on shift on or about September 8, 2019, at Logan Airport and approved two pat downs of Ms. Ortega. ECF 1, ¶ 14.

- Daniel Ouellette (originally identified as Defendant Supervisory CBP Officer Doe 3) was on shift on or about August 20, 2020 at Logan Airport and approved a body search of Ms. Ortega and the separation and questioning of N.Z. ECF 1, ¶ 18.

Aside from substituting in the named Defendants, Plaintiffs' proposed Amended Complaint does not make any substantive changes to the causes of action against those Defendants. ECF 29, Exh. A. Plaintiffs have alleged sufficient facts in the Complaint, the substance of which is the same in the Amended Complaint, to withstand a 12(b)(6) motion to dismiss, as related to the newly named Defendants.[2] *See Adorno*, 443 F.3d at 126; *Glassman*, 90 F.3d at 623. For this reason, Plaintiff's motion for leave to amend is not futile. *See Adorno*, 443 F.3d at 126; *Glassman*, 90 F.3d at 623.

### B.  Plaintiffs Did Not Unduly Delay in Moving for Leave to Amend Complaint.

In determining whether the Plaintiffs unduly delayed in filing their motion to amend, the key inquiry is whether allowing the amendment would unfairly prejudice the Defendants. *Bond Opportunity Fund II, LLC v. Heffernan*, 340 F. Supp. 2d 146, 155-156 (2004); *Smith v. Mitre Corp.*, 949 F. Supp. 943, 945 (1997). The further along a case is toward trial, the greater the threat of prejudice and delay. *Rodriguez v. Banco Cent. Corp.*, 990 F.2d 7, 14 (1st Cir. 1993).

---

[2] The existing Defendants filed a Partial Motion To Dismiss on October 15, 2021, ECF 16, which Plaintiffs opposed and which is currently pending before the Court. If the instant motion, ECF 29, is granted, Plaintiffs anticipate conferring with Defendants about the effect of that on the pending Motion to Dismiss. To the extent that filing an amended Complaint to substitute true party names would technically moot the pending Motion to Dismiss, Plaintiffs would be amenable to a stipulation, or other means acceptable to the Court, that would expeditiously place the issues in the pending Motion to Dismiss back before the Court.

The instant matter is in the very earliest stages of the litigation. The parties have exchanged initial disclosures, and Defendants' partial motion to dismiss is pending, but no other proceedings have occurred. A scheduling order has not yet been issued. Particularly given the very early stage of the litigation, Defendants also cannot reasonably claim to be surprised or prejudiced by the amendments. Plaintiffs' Complaint itself identifies individuals as Does and unnamed CBP Officers in the Defendants section. ECF 1, ¶¶ 10-24.

Plaintiffs learned the identities of newly named Defendants through Defendants' Initial Disclosures, provided to Plaintiffs on February 25, 2022. Plaintiffs conferred with the current Defendants on March 24, 2022 about Plaintiffs' motion for leave to file an amended complaint, and provided them with a red-lined copy of the proposed amended complaint. Thereafter, Plaintiffs served an advance copy of the motion and memorandum on the newly named Defendants on April 11, 2022, two weeks prior to filing the instant motion. As such, Plaintiffs' swift actions cannot be considered undue delay in filing the instant motion under F.R.C.P. 15(a).

As it is in the interests of justice to allow Plaintiffs to file their Amended Complaint and the amendments are neither futile nor did Plaintiffs unduly delay in filing the instant motion, the court should grant leave to Plaintiffs to file their Amended Complaint.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for leave to amend the complaint.

Dated:   April 25, 2022                              Respectfully submitted,

        Newton, MA

                                                   By: /s/ Reena Parikh
                                                 Jessica Bielonko, Law Student Intern
                                                 Laura Caro Ruiz, Law Student Intern
                                                 Zachary Lee, Law Student Intern
                                                 Noah Yurek, Law Student Intern
                                                 Reena Parikh, Esq. (BBO# 706891)
                                                 Boston College Legal Services LAB
                                                 Civil Rights Clinic
                                                 885 Centre Street
                                                 Newton Centre, MA 02459
                                                 (617) 552-0248
                                                 parikhre@bc.edu

                                                 Oren Sellstrom, Esq. (BBO #569045)
                                                 Lawyers for Civil Rights
                                                 61 Batterymarch St.
                                                 Boston, MA 02110
                                                 (774) 314-9639
                                                 osellstrom@lawyersforcivilrights.org

                                                 *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2022, a copy of Plaintiffs' Memorandum of Law in Support of Motion for Leave to Amend Complaint was filed electronically and served by mail on anyone unable to accept electronic filing at this time. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

/s/     Reena Parikh
Reena Parikh, Esq. (BBO# 706891)
Boston College Legal Services LAB
Civil Rights Clinic
885 Centre St.
Newton Centre, MA 02459
(617) 552-0248
parikhre@bc.edu