# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Neisa Ortega; and N.Z. *by her next friend, Neisa Ortega*, ) | Civil Action No. 1:21-cv-11250-FDS |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| United States Customs and Border ) Protection; Larissa Sydor; Colleen Downey; ) Mary Davison; Jessica Croall; Kimberly ) Carroll; Ignacio Tauroni; CBP Officers ) 3-7, 8, 12-13; Brett Sweet; Carrie Acosta; ) Daniel Ouellette; CBP Commissioner ) Chris Magnus, *in his official capacity*; ) United States Department of Homeland ) Security; DHS Secretary Alejandro Mayorkas, ) *in his official capacity*; and the ) United States of America, ) ) | |
| Defendants. | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**     ii

**INTRODUCTION**     1

**LEGAL STANDARD**     3

**ARGUMENT**     4

    I.     Plaintiffs Properly State *Bivens* Claims Against Defendants in their Individual

       Capacities (Counts 3, 4, 5, 8 and 9) ………………………………………………...4

       A.  Plaintiffs' *Bivens* Claims Do Not Present a New Context ………………….. 4

       B.  There Are No Special Factors That Preclude Plaintiffs' *Bivens* Claims ……..… 6

       C.  There Are No Alternative Remedial Structures that Address Plaintiffs' *Bivens*-related Allegations Against Defendants ………………………………………. 7

    II.     As This Court Previously Held, Plaintiffs' Claims for Declaratory and Injunctive Relief

       Against Defendants in their Official Capacities for Constitutional Violations Can Proceed

       (Counts 1, 2, 6 and 7) …………………………………………………...…….. 9

**CONCLUSION**     11

**CERTIFICATION OF SERVICE**     12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bivens v. Six Unknown Fed. Narcotics Agents,*
    403 U.S. 388 (1971) ………………………………………………………………4, 5

*Correctional Services Corp. v. Malesko,*
    534 U.S. 61 (2001) ………………………………………………………………..9

*Egbert v. Boule,*
    142 S. Ct. 1793 (2022) ……………………………………………………2, 4, 5, 6, 7

*Ioane v. Hodges,*
    939 F.3d 945 (9th Cir. 2018) …………………………………………………..5

*Ziglar v. Abbasi,*
    137 S. Ct. 1843 (2017) ……………………………………………………... 2, 4, 5

*Dominion Energy Brayton Point, LLC v. Johnson,*
    443 F.3d 12 (1st Cir. 2006) ……………………………………………………3

*Moss v. Camp Pemigewassett, Inc.,*
    312 F.3d 503 (1st Cir. 2002) …………………………………………………...3

*Ocasio-Hernandez v. Fortuno-Burset,*
    640 F.3d 1 (1st Cir. 2011)………………………………………………………3

*Hernandez v. Mesa,*
    140 S. Ct. 735 (2020) ………………………………………………………4, 6, 7

*Hernandez-Cuevas v. Taylor,*
    723 F.3d 91 (1st Cir. 2013) ……………………………………………….......... 3

*Guillemard-Ginorio v. Contreras Gomez,*
    161 F. App'x 24 (1st Cir. 2005) ……………………………………………... 10

**Statutes**

8 CFR §287.8………………………………………………………………...7, 8, 9

8 CFR §287.10 ……………………………………………………………………7, 8

**Rules**

Fed. R. Civ. P. 12(b)(1) ……………………………………………………………...2, 3

Fed. R. Civ. P. 12(b)(6) ……………………………………………………………...2, 3

## INTRODUCTION

Plaintiffs in this action, Neisa Ortega and her daughter N.Z., are long-time Massachusetts residents. They brought this action after Customs and Border Protection ("CBP") officers at Boston Logan Airport ("BOS") unlawfully subjected Ms. Ortega to invasive searches and unreasonable seizures on multiple occasions between April 2019 and August 2020. At various points, as detailed in the Amended Complaint, CBP officers separated Ms. Ortega from N.Z., who was then a minor, for prolonged periods of time and conducted invasive body searches of Ms. Ortega. ECF 33. CBP's searches never yielded any evidence of criminal activity and yet CBP officials continued to perform invasive body searches on Ms. Ortega during this time period until Plaintiffs retained counsel and demanded that CBP desist. *Id.*

Plaintiffs filed the original complaint in this action on August 2, 2021, seeking declaratory and injunctive relief for constitutional violations (Counts 1, 2, 6, 7), as well as damages pursuant to the Federal Torts Claims Act (Counts 10-22) and the *Bivens* doctrine (Counts 3-5, 8, 9). ECF 1. Plaintiffs initially brought their *Bivens* claims against unidentified Doe CBP officers in their personal capacities, who were also amongst the Defendants that Plaintiffs sought declaratory and injunctive relief against for constitutional violations in their official capacities. *Id.* On October 15, 2021, the Government filed a partial motion to dismiss Counts 1, 2, 6, 7, 15, and 22. ECF 16; ECF 17 at 2.  On July 14, 2022, the Court granted that motion as to Counts 17 and 22 and otherwise denied it. ECF 31 at 2. On April 25, 2022, Plaintiffs sought leave to amend their complaint to substitute named Defendants Larissa Sydor, Colleen Downey, Mary Davison, Jessica Croall, Kimberly Carroll, Ignacio Tauroni, Brett Sweet, Carrie Acosta, and Daniel Ouellette (hereinafter, "Defendants") for Doe Defendants. ECF 30 at 1. The Court granted that request (ECF 32) and Plaintiffs then filed the Amended Complaint. ECF 33.

1

On September 19, 2022, Defendants filed a motion to dismiss Plaintiffs' Amended Complaint against officers Larissa Sydor, Colleen Downey, Mary Davison, Jessica Croall, Kimberly Carroll, Ignacio Tauroni, Brett Sweet, Carrie Acosta, and Daniel Ouellette pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). ECF 49 at 2. Defendants argue that the Supreme Court's recent decision in *Egbert v. Boule*, 142 S. Ct. 1793 (2022), forecloses Plaintiffs' *Bivens* claims against Defendants. ECF 49 at 2. Additionally, Defendants move to dismiss Counts 1, 2, 6, and 7 as to them specifically based on the mistaken assertion that those are claims for money damages against Defendants in their official capacities.[1] ECF 49 at 2.

The Court should deny Defendants' motion to dismiss in its entirety. Applying the framework for analyzing *Bivens* claims outlined by the Supreme Court in Z*iglar v. Abbasi*, 137 S. Ct. 1843 (2017), and reiterated in *Egbert*, Plaintiffs properly state *Bivens* claims against federal officers in their individual capacities (Counts 3, 4, 5, 8, and 9). First, Plaintiffs' *Bivens* claims do not arise in a "new context," because the claims do not meaningfully differ from previous Supreme Court cases recognizing *Bivens* claims. *Id.* Moreover, even assuming Plaintiffs' *Bivens* claims do present a "new context," there are no "special factors" counseling hesitation about permitting the Plaintiffs' *Bivens* claims to proceed here. Additionally, there are no alternative remedial structures that address Plaintiffs' *Bivens*-related claims.

Second, despite Plaintiffs' clarifications that they are exclusively seeking declaratory and injunctive relief in Counts 1, 2, 6 and 7, (ECF 21 at 2), and the Court's clarifications in its Order on the Defendants' First Motion to Dismiss stating the same (ECF 31 at 8), Defendants once again

---

[1] To the extent that Defendants are also moving to dismiss Counts 1, 2, 6 and 7 of the Amended Complaint against U.S. Customs and Border Protection (CBP), CBP Commissioner Chris Magnus, in his official capacity, U.S. Department of Homeland Security (DHS) and DHS Secretary Alejandro Mayorkas, in his official capacity, Defendants have already attempted to do so in their first motion for partial dismissal (ECF 16) and this court already denied that portion of Defendants' motion to dismiss to the extent that those counts are brought exclusively for declaratory and injunctive relief (ECF 31), which they were and continue to be in Amended Complaint. *See* ECF 33.

repeat the false notion that Plaintiffs are seeking money damages against Defendants in their *official capacities* in the Amended Complaint. ECF 49 at 2, 15. This assertion is false. Plaintiffs are exclusively seeking declaratory and injunctive relief in Counts 1, 2, 6, and 7 of the Amended Complaint. ECF 33 at 46-47. The Court already denied Defendants' first motion to dismiss Counts 1, 2, 6 and 7 to the extent those counts seek declaratory and injunctive relief, which they do. ECF 31 at 8. The Court should once again deny Defendants' motion to dismiss Counts 1, 2, 6, and 7 of the Amended Complaint as to them because those counts exclusively seek declaratory and injunctive relief.

For the foregoing reasons and those discussed herein, the Court should deny Defendants' motion to dismiss in its entirety.

## **LEGAL STANDARD**

In reviewing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or failure to state a claim under Fed. R. Civ. P. 12(b)(6), a court must accept all allegations in the plaintiff's complaint as true and draw all reasonable inferences in favor of the plaintiff. *Dominion Energy Brayton Point, LLC v. Johnson*, 443 F.3d 12, 16 (1st Cir. 2006); *Moss v. Camp Pemigewassett, Inc.*, 312 F.3d 503, 506 (1st Cir. 2002). A motion to dismiss should be denied if, "in sum, the allegations of the complaint make the claim as a whole at least plausible." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 15 (1st Cir. 2011). In other words, "[t]he relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible." *Hernandez-Cuevas v. Taylor*, 723 F.3d 91, 102 (1st Cir. 2013) (internal citations and quotations omitted).

## ARGUMENT

**I.  Plaintiffs Properly State *Bivens* Claims Against Defendants in their Individual Capacities (Counts 3, 4, 5, 8 and 9)**

The analysis of a *Bivens* claim generally proceeds in two steps. A court first asks whether the proposed *Bivens* claim arises in a "new context;" in other words, whether it differs "in a meaningful way" from the three cases in which the Court has permitted a *Bivens* action. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1849 (2017). If the claim does *not* arise in a new context, the inquiry is complete and the *Bivens* claims can proceed.[2]  However, if the claim does arise in a "new context," a second-step of the analysis is required, which asks whether "special factors" counsel hesitation in extending a *Bivens* remedy to the new context. *See* n. 2. In *Egbert*, the Court applied the *Ziglar* test to Mr. Boule's claims; however, with respect to the "new context" step, (i.e. the first step of the test), the Court did not have to apply that part of the test simply noting that "The Court of Appeals conceded that Boule's Fourth Amendment claim presented a new context for *Bivens* purposes." 142 S. Ct. at 1804. Hence the Court's opinion in *Egbert* only pertains to the second-step of the test, "the special factors" part. *Id*. The court also explained that the "special factors" step can be understood as asking "whether the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id*. at 1803 (internal citations and quotations omitted).

### A.  Plaintiffs' *Bivens* Claims Do Not Present a New Context

Plaintiffs' Fourth and Fifth Amendment *Bivens* claims do not present a new context because they do not meaningfully differ from previous Supreme Court cases recognizing *Bivens*

---

[2] *Hernandez v. Mesa*, 140 S. Ct. at 743 (holding that "[w]hen we find that a claim arises in a new context, we proceed to the second step and ask whether there are any special factors [that] counse[l] hesitation about granting the extension.") (internal citations and quotations omitted).

4

claims. *See Ziglar*, 137 S. Ct. at 1859. Plaintiffs' claims under both the Fourth and Fifth Amendments factually mirror the claim endorsed in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). There, the Court recognized a Fourth Amendment cause of action against federal officers in their individual capacities where the plaintiff alleged that the officers illegally seized him in front of his wife and children, separated him from his family, and subjected him to an illegal visual strip search, all without a warrant. *Id.* at 389. Additionally, courts have recognized *Bivens* claims in Fourth Amendment right to bodily privacy cases regardless of the federal agency conducting the search. *See Ioane v. Hodges*, 939 F.3d 945, 952 (9th Cir. 2018) (holding there was no "new context" when a federal agent conducted a warrantless search of a person in violation of plaintiff's Fourth Amendment right to bodily privacy).

Just like the plaintiff in *Bivens*, Plaintiffs in this action allege that Defendants (federal officers, being sued in their individual capacities) seized Ms. Ortega and her daughter N.Z., separated them from one another, and subsequently strip searched Ms. Ortega, all without a warrant or reasonable suspicion. The fact that the Defendants who conducted the search and seizures in Plaintiffs' *Bivens* claims were officers from a different federal agency (i.e. Department of Homeland Security) than the federal agents in *Bivens* (who were from the now defunct Federal Bureau of Narcotics) does not render Plaintiffs' *Bivens* claims "meaningful[ly]" different such that they present a new context, especially when the claims are strikingly similar to the claim in *Bivens* itself. *See Ziglar*, 137 S. Ct. at 1865 (noting that some differences between the facts of *Bivens* and other cases are too trivial to be deemed a new context).

Since Plaintiffs' *Bivens* claims do not present a new context, the Court's inquiry should end there, permitting the claims to move forward.[3] However, even if this was a "new" context,

---

[3] Defendants' claim that the Supreme Court in *Egbert* found that the proposed *Bivens* claims in that case presented a new context under the first part of the *Ziglar* test (ECF 49 at 6) is not accurate; the Supreme Court did not make this

which Plaintiffs assert it is not, their *Bivens* claim remains appropriate because there are no "special factors" counseling hesitation to extend them this remedy. *Hernandez v. Mesa*, 140 S. Ct. at 743 (holding that "[w]hen we find that a claim arises in a new context, we proceed to the second step and ask whether there are any special factors [that] counse[l] hesitation about granting the extension.") (internal citations and quotations omitted).

B.  <u>There Are No Special Factors That Preclude Plaintiffs' *Bivens* Claims</u>

Even if Plaintiffs' proposed *Bivens* claims present a new context, which Plaintiffs assert they do not, the Court should nevertheless permit the *Bivens* claims to proceed because Defendants fail to establish any "special factors" counseling hesitation from extending the *Bivens* remedy to Plaintiffs' claims. The Court's prior cases involving *Bivens* claims against CBP agents did not deal with an airport; however, nothing in those cases indicate that an airport or the fact that these improper searches and seizures were performed by Customs and Border Protection officials is, in and of itself, a special factor. *See Hernandez*, 140 S. Ct. 735 (2017); *Egbert*, 142 S. Ct. at 1793. Moreover, the facts of Plaintiffs' case do not implicate foreign relations or national security, as the Court found were implicated in those cases. *Id. Hernandez* involved a CBP agent who shot and killed a Mexican child across the U.S.-Mexico border. 140 S. Ct. at 737. In that case, the Court found that foreign relations could be implicated because the Mexican government had tried to extradite the CBP agent to Mexico. *See id*. The Court additionally found that national security concerns were implicated in the case because it involved CBP agents who were attempting to prevent unlawful entry into the U.S. at the border. *See id. Egbert* also implicated national security

---

finding nor did it have to contend with this issue, because the *Egbert* Court simply noted that the Ninth Circuit had found that the proposed *Bivens* claims presented a new context, so the Court moved onto the second part of the test. 142 S. Ct. at 1804.

because it involved a CBP agent who used excessive force against an individual while investigating a potential unlawful entry into the U.S. 142 S. Ct. at 1804-05.

Plaintiffs' case does not implicate any foreign relations or national security concerns related to unlawful entry into the United States. Ms. Ortega was (and is) a lawful permanent resident and N.Z. was (and is) a U.S. citizen at the time of the incidents detailed in the Complaint, and the searches and seizures at issue in their cases had nothing to do with investigating anyone's unlawful entry into the U.S. Plaintiffs' proposed Bivens claims, which arise out of an unlawful search and seizure of Ms. Ortega because of an unsubstantiated suspicion that she may have had illegal drugs, ECF 33 at 15, is precisely the scenario in *Bivens* and does not implicate the national security concerns at issue in *Hernandez* or *Egbert* that may have led the Court to find the presence of "special factors." *Hernandez*, 140 S. Ct. at 749; *Egbert,* 142 S. Ct. at 1806. Given that the Court found a Fourth Amendment cause of action in *Bivens* under circumstances that are not meaningfully different than Plaintiffs' proposed *Bivens* claims, the Judiciary is just as equipped as Congress to allow a damages action to proceed here. *See Egbert* at 1798.

Even assuming the Court found Plaintiffs' *Bivens* claims to arise in a new context, the Court should deny Defendants' Motion to Dismiss in its entirety because there are no special factors which counsel hesitation to permit Plaintiffs' *Bivens* claims to proceed.

C.   There Are No Alternative Remedial Structures that Address Plaintiffs' *Bivens*-related Allegations Against Defendants

In *Egbert*, the Court pointed to two factors suggesting there was an available alternative remedial structure that precluded the plaintiff there from pursuing a *Bivens* remedy: (1) the ability to file a grievance pursuant to 8 CFR §287.10 for the allegations that underpinned the *Bivens* claims and (2) the year-long internal investigation conducted by CBP into Egbert's grievance. *Id.*

at 1806. 8 CFR §287.8 provides the standards for enforcement activities by DHS including as to the use of force (non-deadly force and deadly force), interrogation and detention not amounting to arrest, conducts of arrests, transportation, and site inspections. *See* 8 CFR §287.8. The regulation also specifies that any violation of 8 CFR §287.8 should be reported to the Office of the Inspector General or other entities listed under 8 CFR §287.10. *See id*. Because the plaintiff in *Egbert* was challenging use of force as contemplated by the standards in 8 CFR §287.8, and CBP conducted a lengthy investigation into the grievance, the Court held that CFR §287.8 provided Plaintiff with alternate remedies precluding *Bivens* relief.

The use of force standards in 8 CFR § 287.8 and accompanying opportunity to complain about violations of those standards fail to cover the sexual nature Plaintiff Ortega's *Bivens* allegations. ECF 33 at 28-32. The CBP officers who are named as Defendants in Plaintiffs' *Bivens* claims sexually violated (or assisted in doing so) Ms. Ortega's bodily integrity multiple times by subjecting her to humiliating body searches. The regulations in 8 CFR § 287.8 fail to cover the sexual nature of Plaintiff Ortega's bodily integrity allegations; therefore, Congress has not provided an alternative remedy for deterrence of CBP's behavior.

Further, those regulations fail to cover Plaintiffs' allegations related to the separation of Plaintiff Ortega from Plaintiff N.Z., and treatment of N.Z. by CBP officials as a minor, as the standards fail to cover the treatment of a minor, a key part of Plaintiff N.Z.'s *Bivens* claims. ECF 33 at 28-32. Therefore, Congress has not provided a sufficient remedy to address the allegations underpinning Plaintiffs' *Bivens* claims.

Unlike in *Egbert*, here, CBP has yet to conduct any investigation into Plaintiffs' claims. While Ms. Ortega did file a complaint with the DHS Office of Civil Rights and Civil Liberties, that office closed the complaint with no indication that CBP conducted an investigation.

8

Additionally, the CRCL is a body with no authority or power to bind, and can merely render recommendations about DHS policies and practices – nothing like a grievance process or internal investigation into specific DHS officer conduct, as is referenced by the Supreme Court in *Egbert* and contemplated in 8 CFR § 287.8. Thus, the alternative remedy that Defendants claim is available to Plaintiffs fails to address the misconduct by the CBP officers that underpins Plaintiffs' *Bivens* claims. *See* ECF 49 at 12.

Lastly, the Federal Tort Claims Act (FTCA), a statutory cause of action for tort claims against the United States, is not an alternative remedy to *Bivens* because the Supreme Court has found it "crystal clear" that Congress intended FTCA and *Bivens* to serve as "parallel" and "complementary" sources of liability. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001). Further, there is nothing in the FTCA that shows that Congress meant to preempt a *Bivens* remedy or create an equivalent remedy for constitutional violation. The *Malesko* Court explained that, "the threat of suit against the United States was insufficient to deter the unconstitutional acts of individuals. Because the *Bivens* remedy is recoverable against individuals, it is a more effective deterrent than the FTCA remedy or filing a complaint through DHS's internal grievance process." *Id.* The Court should deny the Government's motion to dismiss because there are no alternative remedies to address the Plaintiffs' *Bivens* claims.

## II.   As This Court Previously Held, Plaintiffs' Claims for Declaratory and Injunctive Relief Against Defendants in their Official Capacities for Constitutional Violations Can Proceed. (Counts 1, 2, 6 and 7)

Defendants misunderstand Plaintiffs' Amended Complaint and erroneously allege that Plaintiffs seek money damages against Defendants in their *official* capacities in Counts 1, 2, 6 and 7, or that Plaintiffs are seeking to bring *Bivens* claims against Defendants in their *official* capacities. *See* ECF 49 at 15. Plaintiffs are exclusively seeking declaratory and injunctive relief in

Counts 1, 2, 6, and 7 of the Amended Complaint, not money damages, and those counts are not *Bivens* claims. ECF 33 at 28, 30-31. Plaintiffs have been unequivocal that these counts exclusively seek declaratory and injunctive relief as related to their constitutional claims against CBP agents in their *official capacities*. *See* ECF 21 at 2-3.

Moreover, Defendants fail to acknowledge that the Court already denied Defendants' motion to dismiss Counts 1, 2, 6 and 7 in the Original Complaint to the extent those counts seek declaratory and injunctive relief.[4] ECF 31 at 8. The Amended Complaint did not change those counts, but simply substituted the Doe Defendants against whom those counts were being brought for named Defendants in their official capacities. ECF 33. Indeed, this Court has recognized the propriety of Plaintiffs' non-monetary claims against Defendants in their official capacities, holding on Defendants' previous partial motion to dismiss that the "Court will deny the motion to dismiss Counts 1, 2, 6, and 7 to the extent those counts seek declaratory and injunctive relief." ECF 31 at 8.

For the foregoing reasons, Plaintiffs respectfully request that this Court again allow Counts 1, 2, 6 and 7 – official capacity constitutional claims exclusively for injunctive and declaratory relief against Defendants – to proceed and deny Defendants' motion to dismiss those counts.

---

[4] In their present motion, Defendants assert unsupported sovereign immunity arguments in requesting dismissal of Counts 1, 2, 6, and 7. ECF 49 at 15. Plaintiffs maintain, however, that sovereign immunity does not preclude claims against Defendants in their official capacity for declaratory and injunctive relief. *See Guillemard-Ginorio v. Contreras Gomez*, 161 F. App'x 24, 27 (1st Cir. 2005) (holding that while sovereign immunity bars claims for monetary relief, "[P]laintiffs' complaint also seeks declaratory and prospective injunctive relief against [Defendants] and such claims are not barred by sovereign immunity").

## **CONCLUSION**

Wherefore, for the foregoing reasons, Plaintiffs respectfully request that the court deny Defendants' Motion to Dismiss in its entirety.

Respectfully Submitted,

Dated: October 17, 2022

/s/ Reena Parikh
Amanda Rountree, Law Student Intern
Haley Allbee, Law Student Intern
J Swanger, Law Student Intern
Julie Meyer, Law Student Intern
Reena Parikh, Esq. (BBO# 706891)
Boston College Legal Services LAB
Civil Rights Clinic
885 Centre St.
Newton Centre, MA 02459
(617) 552-0248
parikhre@bc.edu

Oren Sellstrom, Esq. (BBO #569045)
Jacob M. Love, Esq. (BBO #699613)
Lawyers for Civil Rights
61 Batterymarch St.
Boston, MA 02110
(617) 988-0608

*Counsel for Plaintiffs*

11

## CERTIFICATION OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing, and to all other parties in accordance with the Federal Rules of Civil Procedure and Local Rules.


Dated: October 17, 2022                    /s/ Reena Parikh
                                           Reena Parikh, Esq. (BBO# 706891)
                                           Boston College Legal Services LAB
                                           Civil Rights Clinic
                                           885 Centre St.
                                           Newton Centre, MA 02459
                                           (617) 552-0248
                                           parikhre@bc.edu