UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEISA ORTEGA; and N.Z. *by her next friend, Neisa Ortega,*<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION; CBP OFFICERS DOE 1-13; SUPERVISORY CBP OFFICERS DOE 1-3; CBP COMMISSIONER CHRIS MAGNUS[1], *in his official capacity;* UNITED STATES DEPARTMENT OF HOMELAND SECURITY; DHS SECRETARY ALEJANDRO MAYORKAS, *in his official capacity;* and the UNITED STATES OF AMERICA,<br><br>Defendants. | Civil Action No. 21-11250-FDS |

GOVERNMENT'S ANSWERS
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, and Local Rule 33.1, defendants U.S. Customs and Border Protection, CBP Commissioner Chris Magnus, U.S. Department of Homeland Security, DHS Secretary Alejandro Mayorkas and the United States of America (Defendants or Government), hereby answer Plaintiff Neisa Ortega's First Set of Interrogatories as follows:

---

[1] Chris Magnus, Commissioner, U.S. Customs and Border Protection, should be automatically substituted as a defendant in his official capacity pursuant to Fed. R. Civ. P. 25(d).

**EXHIBIT A**

**GENERAL OBJECTIONS**

A. The Government reserves the right to supplement, clarify, revise, or correct any or all of the responses contained herein at any time.

B. The Government does not in any manner admit or imply that it considers any of Plaintiff's interrogatories or responses thereto, to be relevant or material to the subject matter of this action or to the claims or defenses of any party, or that Plaintiff's discovery requests are proportional to the needs of this case.

C. The Government does not waive objections to the admissibility into evidence, at the trial of this action or in any other proceeding, of any response to the discovery requests or any document produced or referred to in response to the discovery requests, on any grounds, including but not limited to, competency, relevance, materiality, and privilege. The Government does not waive any objection that it might have to any other discovery request involving or relating to the subject matter of this discovery request.

D. The responses to these discovery requests are accurate to the best of the Government's knowledge as of this date. The Government's investigation is continuing, and the Government may obtain additional information relevant to the subject matter of this action through discovery and further review of documents that Plaintiff may produce in this action. The Government reserves the right to rely in this action on subsequently discovered information.

E. The Government reserves the right to object to the use of its responses to these discovery requests in any proceeding other than the above-captioned action.

F. The factual information sought by these interrogatories is not within the personal knowledge of any one employee or several employees of the U.S. Department of Homeland Security. The information necessary to answer these discovery requests was provided by a review of available records and information gathered collectively.

G. The Government objects to Plaintiff's definition of the term "you" or "your" on the grounds that it is overly broad and unduly burdensome. In particular, these definitions encompass the entirety of the United States, including departments, agencies and employees having no involvement whatsoever with the incidents at issue in the Plaintiff's Complaint. The Government further objects to the definitions to the extent they purport to require the disclosure of information in the possession, custody, or control of entities other than the United States, or seek information that can and should be sought from another entity. The Government further objects to Plaintiff's definitions and instructions because they purport to require a government-wide search for documents. Such a government-wide search would be oppressive, unduly burdensome and overbroad, given the claims and defenses in this matter. The Government has sought information and documents from the U.S. Department of Homeland Security, Customs and Border Protection (CBP).

**EXHIBIT A**

H. The Government further object to Plaintiff's definitions and instructions to the extent that they exceed the scope of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the District of Massachusetts.

I. The Government objects to each of Plaintiff's separately-numbered interrogatories to the extent it seeks information that is protected from discovery by any applicable privilege, including the attorney-client privilege, the attorney work-product doctrine, the deliberative-process privilege, or that concern matters prepared in anticipation of litigation or request law enforcement sensitive information.

J. The Government objects to each of Plaintiff's separately-numbered interrogatories to the extent that they are overly broad in time and scope, overly vague, unduly burdensome, and/or seek information that is not relevant to the claims and defenses in a way that is proportional to the needs of this case.

K. The Government objects to Plaintiff's interrogatories to the extent that they purport to assume facts which are inaccurate, to the extent that they are argumentative, to the extent that they mischaracterize the position of the Government, to the extent that they are so confusing or vague as not to be susceptible to a reasoned interpretation or response, and/or to the extent that they are otherwise defective in form.

L. The Government objects to Plaintiff's interrogatories to the extent that they require the Government to (a) draw a conclusion of law; or (b) provide an opinion or contention that relates to fact or the application of law to fact.

M. The Government objects to each of Plaintiff's separately-numbered interrogatories to the extent that they seek information or documents in Plaintiff's possession, custody, or control, or that could be obtained by Plaintiff with a burden no greater than they could be obtained by the Government.

N. The Government objects to each of Plaintiff's separately-numbered requests to the extent they seek information protected by the Federal Privacy Act, 5 U.S.C. § 552a.

O. The Government incorporates the foregoing objections in each response below.

Without waiving the above General Objections, the Government responds to the numbered interrogatories as follows:

**EXHIBIT A**

**RESPONSES**

1. Please identify CBP Officer Does 1-13 and CBP Supervisory Officers Does 1-3 and for each Doe, specify whether they have ever been terminated or disciplined by CBP, and if so explain the date of relevant behavior, circumstances and any disciplinary action taken.

**Response No. 1**

Objection:  The Government objects to this interrogatory to the extent that it is overly broad and unduly burdensome, and vague and unclear in its present form as to its request to identify CBP Officer Does 1-13 and CBP Supervisory Officer Does 1-3, particularly in light of the fact that the Government denies any wrongdoing in this case. This interrogatory improperly asks the Government to make a conclusion of law with regard to an incident or incidents that it denies occurred.  Furthermore, this interrogatory seeks the identity of virtually every individual with whom Plaintiff came into contact each time she was present at Logan Airport.  The Government further objects that this interrogatory is not proportional to the reasonable needs of the case. Furthermore, Plaintiff's request for personnel information of government employees violates the Federal Privacy Act.  The Government also objects to this request insofar as it seeks confidential and privileged information to include law enforcement sensitive information.

Without waiving these objections, and subject to its General Objections:  The Government denies the allegations took place, and therefore cannot identify whomever Plaintiff seeks to name as CBP Officer Does 1-13 and CBP Supervisory Officer Does 1-3.  Answering further, the Government previously produced the names of the following CBP officers in its initial disclosures:
        a. Supervisory CBPO Carrie Acosta;
        b. CBPO Kimberly Carroll;
        c. CBPO Jessica Croall;
        d. CBPO Mary Davison;
        e. CBPO Colleen Downey;
        f. Supervisory CBPO Daniel Ouellette;
        g. Supervisory CBPO Brett Sweet;
        h. CBPO Larissa Sydor; and,
        i. CBPO Ignacio Tauroni.

2. Please separately identify each agent who interacted in any way whatsoever with either Plaintiff on the dates in question and describe the nature and duration of each agent's interaction and the basis for the interaction. The description should include but not be limited to, with respect to each separate encounter with each Plaintiff:

        a. All observations regarding each Plaintiff's demeanor;

**EXHIBIT A**

b. All bases for the interaction or actions performed by the agent;

c. All investigative and/or analytical conclusions about each Plaintiff;

d. All decisions regarding each Plaintiff's search and questioning;

e. Each and every communication to, from, or with an agent concerning either Plaintiff or either Plaintiff's family members and/or contacts; and

f. All questions that each Plaintiff was asked by the specified agent and the Plaintiff's respective answer to each question.

**Response No. 2**

Objection: The Government objects to this interrogatory to the extent that it is overly broad and unduly burdensome, and vague and unclear in its present form as to its request to "identify each agent who interacted in any way whatsoever with either Plaintiff on the dates in question and describe the nature and duration of each agent's interaction and the basis for the interaction." This interrogatory seeks the identity of virtually every individual with whom Plaintiff came into contact each time she was present at Logan Airport. The Government further objects that this interrogatory is not proportional to the reasonable needs of the case, insofar as it seeks every interaction of any agent from any agency, and without describing what Plaintiff considers an interaction. This interrogatory improperly asks the Government to make a conclusion of law with regard to an incident or incidents that it denies occurred. The Government also objects to this request insofar as it seeks confidential and privileged information to include law enforcement sensitive information.

Without waiving these objections, and subject to its General Objections: The Government previously produced the names of the following CBP officers and the nature of his/her involvement with Plaintiff in its initial disclosures as follows:

A. **April 27, 2019**

i. CBPO Colleen Downey: CBPO Downey witnessed the patdown and partial body search of Ms. Ortega conducted by CBPO Sydor on April 27, 2019. CBPO Downey also assisted with the inspection of Ms. Ortega's baggage.

ii. Supervisory CBPO Brett Sweet: SCBPO Sweet authorized a patdown and a partial body search of Ms. Ortega on April 27, 2019. SCBPO Sweet was not present in the room for the patdown or partial body search of Ms. Ortega.

**EXHIBIT A**

      iii.      CBPO Larissa Sydor: CBPO Sydor escorted Plaintiffs from the primary inspection area to the secondary inspection area and conducted a patdown and partial body search of Ms. Ortega on April 27, 2019.

   **B. September 8, 2019**

      i.      Supervisory CBPO Carrie Acosta authorized a patdown search of Ms. Ortega on September 8, 2019.

      ii.      CBPO Jessica Croall conducted a patdown search of Ms. Ortega on September 8, 2019.

      iii.      CBPO Mary Davison witnessed a patdown search of Ms. Ortega on September 8, 2019.

   **C. August 20, 2020**

      i.      CBPO Kimberly Carroll: CBPO Carroll witnessed the attempted patdown and the patdown search of Ms. Ortega on August 20, 2020.

      ii.      Supervisory CBPO Daniel Ouellette: SCBPO Ouellette approved a patdown search of Ms. Ortega on August 20, 2020. SCBPO Ouellette was not present in the room during Ms. Ortega's patdown search.

      iii.      CBPO Larissa Sydor: CBPO Sydor conducted the attempted patdown and the patdown search of Ms. Ortega on August 20, 2020.

      iv.      CBPO Ignacio Tauroni: CBPO Tauroni requested a patdown search of Ms. Ortega on August 20, 2020. CBPO Tauroni explained the proper procedure of a patdown search to Ms. Ortego after being informed that she did not cooperate with the first attempted patdown. CBPO Tauroni was not present in the room during the attempted patdown or the patdown search of Ms. Ortega.

The Government also produced the following TECS reports detailing observations, bases for interactions, conclusions, decisions, questions and communications regarding Plaintiffs on the dates at issue in this lawsuit:

      i.   U.S. Customs and Border Protection TECS-Person Query dated April 26, 2019;

      ii.   U.S. Customs and Border Protection TECS-Person Query-Detail dated April 27, 2019;

      iii.   U.S. Customs and Border Protection TECS-Secondary Inspection Report dated April 27, 2019;

**EXHIBIT A**

      iv. U.S. Customs and Border Protection TECS-Electronic Media Report dated April 27, 2019;

      v. U.S. Customs and Border Protection TECS-Person Query-Detail dated September 8, 2019;

      vi. U.S. Customs and Border Protection TECS-Secondary Inspection Report dated September 8, 2019;

      vii. U.S. Customs and Border Protection TECS-Secondary Inspection Report dated March 16, 2020;

      viii. U.S. Customs and Border Protection TECS-Person Query-Detail dated August 20, 2020;

      ix. U.S. Customs and Border Protection TECS-Secondary Inspection Report dated August 20, 2020.

3. Please define and describe in detail what Defendants mean by "pat down," "pat down search," "attempted pat down," "attempted pat down search," and "partial body search" of Neisa Ortega as related to each time the above phrase is used in Defendants' Initial Disclosures.

**Response No. 3**

Objection: The Government objects to this interrogatory to the extent that it improperly asks the Government to make a conclusion of law with regard to an incident or incidents that it denies occurred. The Government also objects to this request insofar as it seeks confidential and privileged information to include attorney-client communications, and information prepared in anticipation of litigation.

Without waiving these objections, and subject to its General Objections: The searches referenced in Interrogatory No. 3 are defined and governed by: (1) National Standards on Transport, Escort, Detention, and Search (Oct. 2015) (TEDS); and (2) CIS HB 3300-04B, Personal Search Handbook (July 2004) (PSH). The terms "pat down" and "pat down search" both refer to pat down searches. TEDS defines a pat down search as "[a]n external search consisting of the sliding or patting of the hands over the clothed body of a detainee by staff to determine whether the individual possesses weapons and/or contraband." TEDS further states that a "pat-down search may require the detainee to reveal pocket contents." An "attempted pat down" or "attempted pat down search" is not a defined term in TEDS or PSH. The Government states that "attempted pat down" and "attempted pat down search" refer to an unsuccessful attempt to conduct a complete pat down search as defined by TEDS. The Government further states that a "pat down search" is distinct

from an immediate pat down, which TEDS defines as "[a]n external search necessary to ensure officer safety." The term "partial body search" is defined by the PSH as involving "the removal of some of the clothing by a person to recover material evidence reasonably suspected to be concealed on the person." The PSH further instructs that only "clothing covering the particular area of the body under suspicion may be removed" and that the "allowable extent of a partial body search depends on the reasons for conducting the search." Any use of the terms "pat down," "pat down search," "attempted pat down," "attempted pat down search," and "partial body search" refers to their above-referenced meanings as defined in TEDS and the PSH.

4. Please state the basis for why Plaintiff or Plaintiffs were escorted to secondary inspection on the dates in question, why each search was authorized and/or performed by an agent or agents on each Plaintiff on the dates in question including but not limited to each baggage search, cell phone search, pat down, pat down search, attempted pat down, attempted pat down search, partial body search, and body search, as identified in Defendants' Initial Disclosures and describe the result of each of those searches.

**Response No. 4**

Objection: The Government objects to this interrogatory to the extent that it is overly broad and unduly burdensome, and vague and unclear in its present form. This interrogatory improperly asks the Government to make a conclusion of law with regard to an incident or incidents that it denies occurred. The Government also objects to this request insofar as it seeks confidential and privileged information to include law enforcement sensitive information, and information prepared in anticipation of litigation.

Without waiving these objections, and subject to its General Objections: On each of the dates in question where Plaintiff was or Plaintiffs were directed to secondary inspection, a TECS look out identified Plaintiff Neisa Ortega as potentially smuggling narcotics. The TECS look out resulted in Plaintiff(s) referral to secondary inspection where all ensuing searches occurred. CBP Officers consulted with U.S. Drug Enforcement Administration (DEA) and other CBP personnel as necessary on each occasion. Answering further, the Government produced TECS reports detailing the inspections and their results regarding Plaintiffs on the dates at issue in this lawsuit, as set forth in Response No. 2, above.

5. Please describe all documents given to either Plaintiff by an agent on the dates in question.

**EXHIBIT A**

**Response No. 5**

Objection:  The Government objects to this interrogatory to the extent that it is overly broad and unduly burdensome, and vague and unclear in its present form.  The Government further objects to this request insofar as it seeks seek information or documents in Plaintiffs' possession, custody, or control, and that could be obtained by Plaintiffs with a burden no greater than could be obtained by the Government.

6. Please describe all information, if any, that was provided by an agent to Plaintiffs on the dates in question, including a description of any documents given to either Plaintiff, and any communication made including but not limited to any communication about what Plaintiffs could do or say in order to obtain release from secondary inspection or CBP custody.

**Response No. 6**

Objection:  The Government objects to this interrogatory to the extent that it is overly broad and unduly burdensome, and vague and unclear in its present form.  The Government further objects to this request insofar as it seeks seek information or documents in Plaintiffs' possession, custody, or control, that could be obtained by Plaintiff with a burden no greater than could be obtained by the Government.  Finally the Government objects that Interrogatory No. 6 is argumentative in its present form, specifically with regard to "what Plaintiffs could do or say in order to obtain release from secondary inspection of CBP custody" which makes improper inferences and misstates the facts, and asks the Government to respond to an incident or incidents that it denies occurred.

Without waiving these objections, and subject to its General Objections:  The Government refers Plaintiff to its Responses Nos. 1, 2, 4, 5 and 6, above.

7. Please describe all information about Plaintiffs, their family members, and/or contacts that CBP has received from DEA or any other agency or person, including but not limited to information relevant to interactions and searches by agents of Plaintiffs on the dates in question.

**EXHIBIT A**

**Response No. 7**

Objection:  The Government objects to this interrogatory to the extent that it is overly broad and unduly burdensome, and vague and unclear in its present form.  The Government further objects that this interrogatory is not proportional to the reasonable needs of the case.  Furthermore, Plaintiff requests information regarding personal information of third parties who are not a party to this action in violation of the Federal Privacy Act.  The Government also objects to this request insofar as it seeks confidential and privileged information to include law enforcement sensitive information, and information prepared in anticipation of litigation.

Without waiving these objections, and subject to its General Objections:  On each of the dates in question where Plaintiff was or Plaintiffs were directed to secondary inspection, a TECS look out identified Plaintiff Neisa Ortega as potentially smuggling narcotics.  The TECS look out resulted in Plaintiff(s) referral to secondary inspection where all ensuing searches occurred.  CBP Officers consulted with U.S. Drug Enforcement Administration (DEA) and other CBP personnel as necessary on each occasion where an inspection occurred.  Answering further, the Government produced TECS reports detailing Plaintiffs' inspections and their results on the dates at issue in this lawsuit, as set forth in Response No. 2, above.

8. Please identify each document that contains policies, directives, guidance, instructions, rules and procedures that were in effect on the dates in question governing searches and detentions of individuals by CBP.

**Response No. 8**

Objection:  The Government objects to this interrogatory as it is overly broad and unduly burdensome, and vague and unclear in its present form.  The Government further objects that this interrogatory is not proportional to the reasonable needs of the case.  The Government also objects to this request insofar as it seeks confidential and privileged information to include law enforcement sensitive information, and information prepared in anticipation of litigation.

Without waiving these objections, and subject to its General Objections:  Responsive documents that were in effect on the dates in question include:  (1) National Standards on Transport, Escort, Detention, and Search (Oct. 2015); and (2) CIS HB 3300-04B, Personal Search Handbook (July 2004).

9. Please identify any required or optional training or certification, including identifying the provider or facilitator if any, that was provided to or completed by any of the persons who interacted with either Plaintiff on the dates in question.

**EXHIBIT A**

**Response No. 9**

Objection:  The Government objects to this interrogatory to the extent that it is overly broad and unduly burdensome, and vague and unclear in its present form.  The Government further objects that this interrogatory is not proportional to the reasonable needs of the case.  The Government also objects to this request insofar as it seeks confidential and privileged information to include law enforcement sensitive information, attorney-client communications, and information prepared in anticipation of litigation.

10. As to each answer to the foregoing interrogatories, and with reference to the number of each interrogatory, identify all persons who were consulted or assisted and/or all documented, consulted, or referred to, in the making of your response.

**Response No. 10**

Objection:  The Government objects to this interrogatory to the extent that it is overly broad and unduly burdensome, and vague and unclear in its present form.  The Government also objects to this request insofar as it seeks confidential and privileged information to include attorney-client communications, and information prepared in anticipation of litigation.

Without waiving these objections, and subject to its General Objections:  The following persons assisted with the Government's Answers to Plaintiff's First Set of Interrogatories:  Lucia Baez, Human Resources Specialist (Interrogatory No. 1); Christopher Hughes, Border Security Coordinator, Boston Field Office (Interrogatory No. 7); Linda Brown, Area Port Director, Port of Boston, (Interrogatory No. 8 and Interrogatory No. 9).

**EXHIBIT A**

I certify, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the foregoing responses to plaintiffs' interrogatories are true and correct, to the extent that the factual information sought is not entirely within my personal knowledge, or the personal knowledge of any one employee of the United States. The information necessary to answer this discovery was provided by a review of available records and information gathered collectively and from persons having personal knowledge of this matter.

Signed this __14__ day of April, 2022.

_____
Daniel B. Joyce
Watch Commander
Logan Airport Division
Boston Field Office
U.S. Customs and Border Protection


OBJECTIONS BY:

/s/ Eve A. Piemonte
Eve A. Piemonte
Assistant United States Attorney
United States Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3369
Eve.Piemonte@usdoj.gov

**EXHIBIT A**

## CERTIFICATE OF SERVICE

      I, Eve A. Piemonte, Assistant United States Attorney, hereby certify that this document has been served electronically to counsel as follows:

| | |
|---|---|
| Reena Parikh<br>Boston College Legal Services LAB<br>Civil Rights Clinic<br>885 Centre Street<br>Newton Centre, MA 02459<br>parikhre@bc.edu | Oren Sellstrom<br>Lawyers for Civil Rights<br>61 Batterymarch Street<br>Boston, MA 02110<br>osellstrom@lawyersforcivilrights.org |

                                                                                         */s/ Eve A. Piemonte*
                                                                                          Eve A. Piemonte
Dated: April 14, 2022                                           Assistant United States Attorney

**EXHIBIT A**