## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEISA ORTEGA; and N.Z. *by her next friend, Neisa Ortega,*<br><br>     Plaintiffs,<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION; CBP OFFICERS DOE 1-13; SUPERVISORY CBP OFFICERS DOE 1-3; CBP COMMISSIONER CHRIS MAGNUS[1], *in his official capacity;* UNITED STATES DEPARTMENT OF HOMELAND SECURITY; DHS SECRETARY ALEJANDRO MAYORKAS, *in his official capacity;* and the UNITED STATES OF AMERICA,<br><br>     Defendants. | Civil Action No. 21-11250-FDS |

## GOVERNMENT'S ANSWERS
## TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 34, and Local Rule 34.1, defendants U.S. Customs and Border Protection, CBP Commissioner Chris Magnus, U.S. Department of Homeland Security, DHS Secretary Alejandro Mayorkas and the United States of America (Defendants or Government), hereby respond to Plaintiff Neisa Ortega's First Request for Production of Documents as follows:

---

[1] Chris Magnus, Commissioner, U.S. Customs and Border Protection, should be automatically substituted as a defendant in his official capacity pursuant to Fed. R. Civ. P. 25(d).

EXHIBIT B

## GENERAL OBJECTIONS

A.    The Government reserves the right to supplement, clarify, revise, or correct any or all of the responses contained herein at any time.

B.    The Government does not in any manner admit or imply that it considers any of Plaintiff's requests or responses thereto, to be relevant or material to the subject matter of this action or to the claims or defenses of any party, or that Plaintiff's discovery requests are proportional to the needs of this case.

C.    The Government does not waive objections to the admissibility into evidence, at the trial of this action or in any other proceeding, of any response to these discovery requests or any document produced or referred to in response to these discovery requests, on any grounds, including but not limited to, competency, relevance, materiality, and privilege.  The Government does not waive any objection that it might have to any other discovery request involving or relating to the subject matter of this discovery request.

D.    The responses to these discovery requests are accurate to the best of the Government's knowledge as of this date.  The Government's investigation is continuing, and the Government may obtain additional information relevant to the subject matter of this action through discovery and further review of documents that Plaintiff may produce in this action.  The Government reserves the right to rely in this action on subsequently discovered information.

E.    The Government reserves the right to object to the use of its responses to these discovery requests in any proceeding other than the above-captioned action.

F.    The factual information sought by these requests is not within the personal knowledge of any one employee or several employees of the U.S. Department of Homeland Security.  The information necessary to answer these discovery requests was provided by a review of available records and information gathered collectively.

G.    The Government objects to Plaintiff's definition of the term "you" or "your" on the grounds that it is overly broad and unduly burdensome.  In particular, these definitions encompass the entirety of the United States, including departments, agencies and employees having no involvement whatsoever with the incidents at issue in the Plaintiff's Complaint.  The Government further objects to the definitions to the extent they purport to require the disclosure of information in the possession, custody, or control of entities other than the United States, or seek information that can and should be sought from another entity.  The Government further objects to Plaintiff's definitions and instructions because they purport to require a government-wide search for documents.  Such a government-wide search would be oppressive, unduly burdensome and overbroad, given the claims and defenses in this matter.  The Government has sought information and documents from the U.S. Department of Homeland Security, Customs and Border Protection (CBP).

EXHIBIT B

H.  The Government further object to Plaintiff's definitions and instructions to the extent that they exceed the scope of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the District of Massachusetts.

I.  The Government objects to each of Plaintiff's separately-numbered requestes to the extent it seeks information that is protected from discovery by any applicable privilege, including the attorney-client privilege, the attorney work-product doctrine, the deliberative-process privilege, or that concern matters prepared in anticipation of litigation or request law enforcement sensitive information.

J.  The Government objects to each of Plaintiff's separately-numbered requests to the extent that they are overly broad in time and scope, overly vague, unduly burdensome, and/or seek information that is not relevant to the claims and defenses in a way that is proportional to the needs of this case.

K.  The Government objects to Plaintiff's requests to the extent that they purport to assume facts which are inaccurate, to the extent that they are argumentative, to the extent that they mischaracterize the position of the Government, to the extent that they are so confusing or vague as not to be susceptible to a reasoned interpretation or response, and/or to the extent that they are otherwise defective in form.

L.  The Government objects to Plaintiff's interrogatories to the extent that they require the Government to (a) draw a conclusion of law; or (b) provide an opinion or contention that relates to fact or the application of law to fact.

M.  The Government objects to each of Plaintiff's separately-numbered requests to the extent that they seek information or documents in Plaintiff's possession, custody, or control, or that could be obtained by Plaintiff with a burden no greater than they could be obtained by the Government.

N.  The Government objects to each of Plaintiff's separately-numbered requests to the extent they seek information protected by the Federal Privacy Act, 5 U.S.C. § 552a.

O.  The Government incorporates the foregoing objections in each response below.

Without waiving the above General Objections, the Government responds to the numbered requests for production of documents as follows:

3

EXHIBIT B

## RESPONSES

1. All Documents containing either Plaintiff's name or which otherwise identifies either Plaintiff, or which references any event giving rise to the Complaint in the above-captioned matter, including, but not limited to:

   a. Unredacted Documents referred to in the Defendants' Initial Disclosures including but not limited to TECS records and U.S. VISIT records;

   b. Any internal or external communications regarding either Plaintiff, including communications with and/or within CBP, DHS, DEA, DOJ or any other federal agency regarding either Plaintiff;

   c. Incident statements and reports; and/or

   d. Forms that either Plaintiff was given by Defendants on the dates in question;

   e. Plaintiffs' unredacted A-files and other files maintained by CBP in relation to either Plaintiff.

## Response No. 1

Objection: The Government objects that this request is vague and unclear in its present form, not limited in time or scope, and overbroad and unduly burdensome, insofar it seeks any and all documents anywhere in the Government that may containing Plaintiffs' names or any references to Plaintiffs or the incidents alleged to have occurred. The Government objects to this request insofar as it seeks confidential and privileged information to include deliberative process, law enforcement sensitive information, and information prepared in anticipation of litigation. Finally, the Government objects to this request insofar as it seeks documents in the custody, care and possession of third parties, as well as information in Plaintiff's possession, custody or control.

Without waiving these objections, and subject to its General Objections: The Government directs Plaintiff to the documents produced in its initial disclosures:

   a. U.S. Customs and Border Protection Personal Search Handbook (July 2004);
   b. U.S. Customs and Border Protection National Standards on Transport, Escort, Detention, and Search (October 2015);

   c. U.S. Customs and Border Protection TECS-Person Query dated April 26, 2019;

EXHIBIT B

    d.   U.S. Customs and Border Protection TECS-Person Query-Detail dated April 27, 2019;

    e.   U.S. Customs and Border Protection TECS-Secondary Inspection Report dated April 27, 2019;

    f.   U.S. Customs and Border Protection TECS-Electronic Media Report dated April 27, 2019;

    g.   U.S. Customs and Border Protection TECS-Person Query-Detail dated September 8, 2019;

    h.   U.S. Customs and Border Protection TECS-Secondary Inspection Report dated September 8, 2019;

    i.   U.S. Customs and Border Protection TECS-Secondary Inspection Report dated March 16, 2020;

    j.   U.S. Customs and Border Protection TECS-Person Query-Detail dated August 20, 2020;

    k.   U.S. Customs and Border Protection TECS-Secondary Inspection Report dated August 20, 2020.

2. All Documents containing, referencing, discussing, or addressing any *basis* for *each* action or incident of stopping, investigating, inspecting, seizing, questioning, detaining and/or searching Plaintiffs or their personal items on the dates in question and/or the *outcome or result* of each action or incident.

**<u>Response No. 2</u>**

<u>Objection</u>:  The Government objects that this request is vague and unclear in its present form, and is overbroad and unduly burdensome insofar it seeks any and all documents anywhere in the Government that may containing Plaintiffs' names or references to the incidents Plaintiffs alleged occurred.  The Government objects to this request insofar as it seeks confidential and privileged information to include deliberative process, law enforcement sensitive information, and information prepared in anticipation of litigation.  Finally, the Government objects to this request insofar as it seeks documents in the custody, care and possession of third parties.

Without waiving these objections, and subject to its General Objections:  The Government directs Plaintiff to the documents produced in its initial disclosures and identified in Response No. 1, above.

EXHIBIT B

3. All Documents sufficient to establish the names, title, employer and supervisory structure or chain of command of all agents who interacted in any way whatsoever with either Plaintiff on the dates in question and the specific nature and duration of their interaction.

**Response No. 3**

Objection:  The Government objects to this request to the extent that it is overly broad and unduly burdensome, and vague and unclear in its present form.  The Government further objects that this request is not proportional to the reasonable needs of the case, insofar as it seeks every interaction of any agent from any agency Plaintiffs may have had.  The Government also objects to this request insofar as it seeks confidential and privileged information to include law enforcement sensitive information.

Without waiving these objections, and subject to its General Objections: The Government previously produced in its initial disclosures the names of CBP officers known to have interacted with Plaintiffs on the dates at issue in this case and the nature of his/her involvement with Plaintiffs, along with reports of every known interaction Plaintiffs had during inspection at Logan Airport, as set forth in Response No. 1, above.

4. All Documents sufficient to establish the duties, job descriptions, performance standards, and evaluation guidelines for all agents who interacted in any way whatsoever with either Plaintiff on the dates in question.

**Response No. 4**

Objection:  The Government objects to this request to the extent that it is overly broad and unduly burdensome, and vague and unclear in its present form as to its request for documents concerning "all agents who interacted in any way whatsoever with either Plaintiff."  The Government further objects that this request is not proportional to the reasonable needs of the case.  Furthermore, the request seeks personnel information of government employees in violation of the Federal Privacy Act.  The Government also objects to this request insofar as it seeks confidential and privileged information to include law enforcement sensitive information.

Without waiving these objections, and subject to its General Objections: The Government produces Customs and Border Protection Officer (CBPO) position description (GOV000001-000009).

5. All Documents containing performance evaluations, disciplinary records, grievances filed

6

EXHIBIT B

against, employee reviews, background checks, criminal histories, and other service records for all agents who interacted in any way whatsoever with either Plaintiff on the dates in question including but not limited to those identified in Defendants' Initial Disclosures.

**Response No. 5.**

Objection:  The Government objects to this request to the extent that it is overly broad and unduly burdensome, and vague and unclear in its present form as to its request for documents concerning "all agents who interacted in any way whatsoever with either Plaintiff."  The Government further objects that this request is not proportional to the reasonable needs of the case.  Furthermore, the request seeks personnel information of government employees in violation of the Federal Privacy Act.  The Government also objects to this request insofar as it seeks confidential and privileged information to include law enforcement sensitive information.

6.  All photographs, video recordings, and audio recordings in which either Plaintiff and/or either of their belongings are seen, heard, or discussed.

**Response No. 6**

Objection:  The Government objects to this request to the extent that it is overly broad and unduly burdensome, vague and unclear in its present form, and is not proportional to the reasonable needs of the case.  The Government also objects to this request insofar as it seeks confidential and privileged information to include deliberative process, law enforcement sensitive information, and information prepared in anticipation of litigation.  Finally, the Government objects to this request insofar as it seeks documents in the custody, care and possession of third parties.

7.  All Documents containing unredacted policies, directives, guidance, instructions, rules, training procedures, certifications and other procedures that were in effect on the dates in question governing searches and/or detentions of individuals by CBP including but not limited to personal and medical searches related to an individual's body in any way, the process for obtaining consent for searches and/or detentions, the process for obtaining permission for searches and/or detentions from the supervisory structure or chain of command, and any process by which another government agency may request CBP to

EXHIBIT B

conduct a search and/or detention of an individual.

**Response No. 7**

Objection.  The Government objects that this request is vague and unclear in its present form, overbroad and unduly burdensome, and is not limited in time or scope as it is not limited to information generated or existing during a time period that is relevant to the claims and defenses in this case.  The Government objects to this request insofar as it seeks confidential and privileged information to include deliberative process, law enforcement sensitive information, and information prepared in anticipation of litigation.  Finally, the Government objects to this request insofar as it seeks documents in the custody, care and possession of third parties.

Without waiving these objections, and subject to its General Objections:  The Government directs Plaintiff to the documents produced in its initial disclosures, and identified in its Response No. 1, above.

8.  All documents generated in the last 5 years regarding Defendants' compliance or non-compliance with the search and/or detention provisions of the U.S. Customs and Border Protection Personal Search Handbook (July 2004); U.S. Customs and Border Protection National Standards on Transport, Escort, Detention, and Search (October 2015) ("TEDS"); and any other policies, directives, guidance, instructions, rules and procedures related to searches and/or detentions of individuals by CBP.

**Response No. 8**

Objection:  The Government objects that this request is vague and unclear in its present form, overbroad and unduly burdensome, and seeks information in the possession, custody and control of third parties. The Government objects to this request insofar as it seeks confidential and privileged information to include deliberative process, law enforcement sensitive information, and information prepared in anticipation of litigation.  Finally, the Government objects to this request insofar as it violates the rights of the parties as well as those of third parties who are not party to this litigation, including the Federal Privacy Act.

9.  All documents pertaining to grievances or complaints received in the last 5 years by Defendants about CBP's searches and/or detentions of individuals including but not limited to the searches described in Section 3.0 of TEDS, and any disciplinary or corrective action

EXHIBIT B

or guidance provided related to any such grievance or complaint.

**Response No. 9**

Objection:  The Government objects that this request is vague and unclear in its present form, overbroad and unduly burdensome, and seeks information in the possession, custody and control of third parties.  The Government objects to this request insofar as it seeks confidential and privileged information to include deliberative process, law enforcement sensitive information, and information prepared in anticipation of litigation.  Finally, the Government objects to this request insofar as it violates the rights of the parties as well as third parties who are not party to this litigation, including the Federal Privacy Act.

10. All Documents referencing, discussing, contemplating, or addressing the investigation by DHS' Office of Civil Rights and Civil Liberties (CRCL) into Complaint No. 21-04-CBP-0202 or any other complaint filed with CRCL by either Plaintiff, including all Documents reviewed or produced during the course of and as a result of any CBP, DHS or CRCL investigation into any of the matters described in the Complaint in the above-captioned matter.

**Response No. 10**

Objection:  The Government objects that this request is vague and unclear in its present form, overbroad and unduly burdensome, and seeks information in the possession, custody and control of third parties.  The Government objects to this request insofar as it seeks confidential and privileged information to include deliberative process, law enforcement sensitive information, and information prepared in anticipation of litigation.  Finally, the Government objects to this request insofar as it violates the rights of the parties as well as third parties who are not party to this litigation, including the Federal Privacy Act.

11. All Documents referencing, discussing, contemplating, addressing, or investigating the Federal Tort Claims Act (FTCA) administrative complaint filed by Plaintiffs on or about January 19, 2021, including all documents reviewed or produced during the course of and/or as a result of any investigation into the FTCA administrative complaint.

EXHIBIT B

<u>Response No. 11</u>

<u>Objection</u>:  The Government objects that this request is vague and unclear in its present form, overbroad and unduly burdensome, and seeks information in the possession, custody and control of third parties.  The Government objects to this request insofar as it seeks confidential and privileged information to include deliberative process, law enforcement sensitive information, attorney-client communications, and information prepared in anticipation of litigation.

Without waiving these objections, and subject to its General Objections:  The Government directs Plaintiff to the FTCA administrative complaint and supporting documents she submitted to CBP.

12. All statements from any Person relating to any of the events that gave rise to the Complaint in the above-captioned matter, whether the statement is preserved in writing or recorded by some other media.

<u>Response No. 12</u>

<u>Objection</u>:  The Government objects that this request is vague and unclear in its present form, overbroad and unduly burdensome, and seeks information in the possession, custody and control of third parties.  The Government objects to this request insofar as it seeks confidential and privileged information to include deliberative process, law enforcement sensitive information, and information prepared in anticipation of litigation.  Finally, the Government objects to this request insofar as it violates the rights of the parties as well as third parties who are not party to this litigation, including the Federal Privacy Act.

Without waiving these objections, and subject to its General Objections:  The Government directs Plaintiff to its initial disclosures and the documents produced as set forth in Response No. 1, above.

13. All Documents referencing, discussing, contemplating, addressing, or investigating Plaintiff Neisa Ortega's DHS Traveler Redress Inquiry Program (DHS TRIP) redress application and all documents reviewed or produced during the course of and/or as a result of any processing of Plaintiff Neisa Ortega's redress application.

<u>Response No. 13</u>

<u>Objection</u>:  The Government objects that this request is vague and unclear in its present form, overbroad and unduly burdensome, and seeks information in the possession, custody and control of third parties.  The Government objects to this request insofar as it seeks confidential and

EXHIBIT B

privileged information to include deliberative process, law enforcement sensitive information, attorney-client communications and information prepared in anticipation of litigation.

Without waiving these objections, and subject to its General Objections: None in the care, custody or possession of CBP.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney


By: */s/ Eve A. Piemonte*
Eve A. Piemonte
Assistant United States Attorney
United States Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3369
Dated: April 14, 2022          Eve.Piemonte@usdoj.gov

## CERTIFICATE OF SERVICE

I, Eve A. Piemonte, Assistant United States Attorney, hereby certify that this document has been served electronically to counsel as follows:

Reena Parikh                          Oren Sellstrom
Boston College Legal Services LAB     Lawyers for Civil Rights
Civil Rights Clinic                   61 Batterymarch Street
885 Centre Street                     Boston, MA 02110
Newton Centre, MA 02459               osellstrom@lawyersforcivilrights.org
parikhre@bc.edu


*/s/ Eve A. Piemonte*
Eve A. Piemonte
Dated: April 14, 2022          Assistant United States Attorney

EXHIBIT B